THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellee, vs. OLIVER C. HAMMOND, Appellant.

*Opinion filed February 16, 1927—Rehearing denied April 14, 1927.*

1. TAXES—*board of review cannot increase assessment without notice.* While the board of review is authorized by the Revenue act to revise the assessment lists filed with it by the board of assessors, it is made by statute a jurisdictional prerequisite that notice to the property owner be given before any change be made increasing the valuation as certified by the board of assessors to the board of review.

2. SAME—*revised triplicate assessment list supersedes the quadrennial list.* Under the statute the board of assessors may, under certain conditions, make changes in the quadrennial assessment and certify three complete lists to the board of review, and such triplicate list, when acted upon by the board of review, becomes the only official basis for the action of the board of assessors for the subsequent year.

APPEAL from the County Court of Cook county; the Hon. E. K. JARECKI, Judge, presiding.

CARROLL & SCHAEFFER, (MORRIS SCHAEFFER, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

The county treasurer and *ex-officio* collector of Cook county made application to the county court of that county for judgment of sale for the delinquent taxes of the year 1925 against the land of appellant. Appellant filed objections to the application, which were overruled and judgment of sale entered, from which judgment an appeal has been taken to this court.

It is stipulated by the parties that in the year 1923, the year in which the quadrennial assessment of real estate was

made, the board of assessors of Cook county assessed appellant's premises in question at $30,000 full value, which assessment was confirmed by the board of review; that in the year 1924 the board of assessors reduced the assessment from $30,000 full value to $20,000 full value and that that assessment was confirmed by the board of review; that in the year 1925 the board of assessors continued the assessment of $20,000 full value, and the board of review, without notice to appellant, restored the quadrennial assessment of $30,000 full value; that there was no physical change in the property by reason of any injury to, alteration in or addition to the improvements since the first day of April, 1924, and prior to the first day of April, 1925, and that the confirmation of the board of review in 1924 was a mere formal confirmation and not a re-examination or an original assessment by the board of review. It is further stipulated that the *prima facie* case of the collector was duly made.

It is contended by appellee that the board of assessors has no power in any year, except the year of the quadrennial assessment, to change the valuation of real estate, or the improvements thereon, except in case of physical changes by reason of injury to, alteration in or addition to the improvements thereon, and that the reduction by the board of assessors from $30,000 to $20,000 was illegal. It is contended by appellant that the board of assessors was authorized to make the change in question.

While the Revenue act provides that the assessment of real estate shall be made by the board of assessors only quadrennially, it does not provide that the quadrennial assessment list made by the board of assessors shall constitute the official assessment list for the ensuing four years. Paragraphs 323 and 325 of the Revenue act, as they are found in Cahill's Statutes of 1925, provide for changes in the assessment list which may be made by the board of assessors on its own motion. Paragraph 323 provides that the as-

sessors shall, in each year intervening between the quadrennial assessments, list all real property which shall become taxable and make and return a list of all new improvements, and in case of the destruction or injury by fire, flood, cyclone, storm or otherwise, or removal of any structures of any kind, or of the destruction of or any injury to orchard, timber, ornamental trees or groves, the value of which shall have been included in any former valuation of the tract or lot on which the same stood, the assessor shall determine, as near as practicable, how much the value of such tract or lot has been diminished in consequence of such destruction or injury and make a return accordingly.    Paragraph 325 provides that on or before the first day of June in each year, other than the year of the quadrennial assessment, the assessor shall determine the amount, in his opinion, of any change in the value of any tracts or lots of land by reason of any injury to, alteration in or addition to the improvements thereon since the first of April in the preceding year and prior to the first of April in the current year and add to or deduct from the assessment accordingly, setting down the amount of such change in a proper column in the assessment books, and that the assessor shall not in any year, except the year of the quadrennial assessment, change the valuation of any real estate or improvements except as provided in this paragraph.    Paragraph 346 provides, among other things, that each year, "on complaint in writing that any property described in such complaint is incorrectly assessed, the board [the board of review] shall review the assessment, and correct the same, as shall appear to be just. Such complaint to affect the assessment for the current year shall be filed on or before the first day of August."    This paragraph also provides with reference to the board of assessors as follows:  "After making its annual return of the revised assessment to the board of review as required by law, the board of assessors in counties of 250,000 inhabitants or over, shall have the power in any year, except the last

year preceding each quadrennial assessment, to consider and correct the valuations of real property for the next succeeding annual assessment, in the same manner, upon complaints filed from time to time, and upon complaints filed shall proceed to do so; and such changes as it shall make in any such valuations shall be noted upon the assessment list remaining in its custody, and include the same in its annual return to the county clerk and the board of review. All such changes to be reviewed by the board of review each year as in cases of any assessments." Paragraph 334 provides that the board of assessors shall meet on the last Monday in June in each year for the purpose of revising the assessment of real property, and that at such meeting the board of assessors, upon application of any tax-payer, or upon its own motion, shall revise the assessment and correct the same as shall appear to it to be just. When such revision is completed and the change and revision entered in the assessment books, an affidavit shall be appended to each of such assessment books in the form required by law. Paragraph 346 provides that "in counties of 250,000 inhabitants or over, in each year, the assessment list of real estate, as made by the board of assessors, shall be prepared in triplicate, and the three complete lists shall be certified by the assessors to the board of review when the assessment required by law is completed by them." Paragraph 354 provides that when the books are completed the board of review shall deliver one set of books containing the assessment of real property to the county clerk, who shall file the same in his office, one set thereof shall be returned to the board of assessors and the remaining set remain in the office of the board of review.

In the year 1924 the board of assessors, in making its annual revision of the assessment list, did reduce the assessment from $30,000 to $20,000, revised and verified such list in accordance with the provisions of paragraph 334 of the Revenue act, prepared in triplicate the assessment list of real estate for the year 1924, and certified the three

complete lists to the board of review in accordance with
the provisions of paragraph 346 of the Revenue act., The
board of review revised these triplicate lists, and when it
had completed its work and verified the same in accord-
ance with the provisions of paragraph 349 it returned one
set of the books, containing the assessment of real prop-
erty for the year 1924, to the board of assessors, retained
one set in the office of the board of review and certified one
set to the county clerk in accordance with the provisions
of paragraph 354, which section provides: "The assess-
ment so completed by the board of review and certified to
the county clerk and as equalized as provided by law, shall
be the assessment upon which the taxes of that year shall
be extended by the county clerk." This list, upon which
appeared the assessment of $20,000, was the only basis
which the county clerk had for extending a tax against
the land of appellant for the year 1924. This triplicate
list was then the only official assessment list for Cook
county. It superseded the quadrennial list and all subse-
quent lists. This list as returned by the board of review
to the board of assessors in 1924 was the only official basis
which the board of assessors had for the preparation of
its 1925 assessment lists. In the year 1925 the board of
assessors prepared in triplicate three complete lists of the
assessment of real estate of Cook county and certified the
same to the board of review, and these lists were the only
lists which the board of review had in 1925 as a basis for
any action with reference to the assessment of real estate
for 1925. In these lists the assessed value of appellant's
property was stated at $20,000, and this sum, whether
rightfully or erroneously entered thereon, was the only offi-
cially assessed valuation of appellant's land, and it could
be changed or revised only by action in compliance with the
statutory requirement prerequisite to such change or revi-
sion. While the board of review is authorized by the Reve-
nue act to revise the assessment lists filed with it by the

board of assessors, it is made by statute a jurisdictional pre-requisite that notice to the property owner be given before any change be made increasing the valuation as certified by the board of assessors to the board of review. No such notice was given to the property owner in this case, and the board of review was therefore without jurisdiction to change the assessment from $20,000 to $30,000, and the county court should therefore have sustained appellant's objection to taxes on his property in excess of $20,000.

The judgment of the county court is reversed and the cause remanded to that court, with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*   •