THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* MORRIS TAUSSIG *et al.* Appellants.

*Opinion filed June 23, 1928.*

TAXES—*when increase in assessment is void for want of notice.* Although property has been assessed at a certain figure the first year of the quadrennial period, yet where the assessment is subsequently reduced the property cannot be re-assessed at the original figure without notice to the property owner, and the payment of the taxes at the increased valuation for the year in which it was increased does not give validity to the assessment in the ensuing year nor preclude the property owner from objecting to the increase for want of notice. (*People* v. *Bender, ante,* p. 446, followed.)

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

WILLIAM J. GRACE, for appellants.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CONNELL, and JAMES F. CLANCY, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Cook county made application to the county court of that county for a judgment against and an order for the sale of the real estate upon which the general taxes for the year 1926 were delinquent. Morris Taussig and E. W. P. Flesch filed objections to a portion of the taxes levied upon an improved parcel of real estate which they owned. The objections were overruled and judgment and order of sale followed. The objectors prosecute this appeal.

The board of review of Cook county for 1923, the first year of the quadrennial period, fixed the assessed value of

appellants' land at $14,157 and of the improvements there-
on at $40,000, making the total assessed value $54,157.
For the year 1924 the board of assessors carried forward
this total. Thereafter the board of review reduced the as-
sessed value of the improvements from $40,000 to $30,000,
thereby fixing for the year 1924 the assessed value of the
land and improvements at $44,157. This total was repeated
by the board of assessors as the assessed value of the prop-
erty for 1925. For the same year the board of review,
without notice, increased the assessed value of the improve-
ments to $40,000 and fixed the assessed value of the land
and improvements at $54,157. The taxes extended upon
this valuation for 1925 were paid by appellants without ob-
jection. For the year 1926 both the board of assessors and
the board of review carried forward, in their respective as-
sessed value columns, the figure $54,157. There had been
no change in the physical condition of the property since
April 1, 1924. Appellants paid that portion of the taxes
for the year 1926 which had been extended upon a valuation
of $44,157. Their objections relate to the remainder of
the taxes extended upon the increase of $10,000 in the as-
sessed value of the improvements.

Appellants contend that the board of review had no
power to increase the valuation of the improvements in the
year 1925 without notice to the tax-payer; that the increase
so made was void, and that the repetition of that increase
by the board of assessors and the board of review in the
year 1926, likewise without notice, was also void. The as-
sessment as fixed by the board of review for the year 1924,
it is conceded, was valid. The same board in 1925, with-
out notice to appellants and in the absence of any physical
change in the property, increased the valuation of the im-
provements on the land. Without notice, and with the con-
dition of the property unchanged, this increase was repeated
both by the board of assessors and the board of review in
the assessment for the year 1926. The assessed value as

fixed by the board of review in 1924 and continued by the board of assessors in 1925 was never modified or changed in the manner authorized by law, and it was the only assessment upon which taxes could be legally extended. The increase in the valuation of the improvements made by the board of review in 1925 was void for the want of notice. (*People* v. *Hammond,* 325 Ill. 83; *People* v. *Bender, ante,* p. 446.) The payment of the taxes for the year 1925 on the increased valuation did not give validity to the portion of the assessment which was void. (*People* v. *Bender, supra.*) Appellants' objections should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*