(No. 18878.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* L. GOLDBERG, Appellant.

*Opinion filed October 25, 1928—Rehearing denied Dec. 11, 1928.*

GRACE & O'CONNELL, (WILLIAM J. GRACE, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CONNELL, and JAMES F. CLANCY, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

The county treasurer and *ex-officio* collector of Cook county made application to the county court of that county for judgment of sale against the land of appellant for the delinquent taxes of the year 1925. Appellant filed objections to the application, which were overruled and judgment of sale entered.

It is stipulated by the parties that in the year 1923 (the year in which the quadrennial assessment of real estate was made) the board of assessors of Cook county fixed a valuation of $7600, full valuation, upon objector's land and a full value of $37,600 upon the improvements thereon, which aggregated an assessed value of $22,600; that the board of review carried the figures $22,600 in black ink in its columns for the year 1923; that the board of assessors and board of review carried forward the figures $22,600 in their respective columns for the year 1924; that in the year 1925 the board of assessors changed the valuation upon the improvements on objector's premises, leaving the figures $7600, full valuation, on the land and reducing the full valuation upon the improvements to $25,000; that in the same year the board of review restored its former assessment of the premises, making the valuation against the land

the same and showing the figures $3800 assessed valuation and making the assessed valuation upon the improvements $18,800; that these figures entered in the columns of the board of review for the year 1925 are in red ink; that it is the practice of the board of review, where the board confirms an assessment, to enter the figures in black ink, and where a change is made in the assessment, either by increasing or decreasing the same, the figures are entered in red ink; that subsequent to April 1, 1924, and prior to April 1, 1925, there were no physical changes in the improvements upon the above described premises; that the objector had no notice of any kind from the board of review prior to the assessment made by said board in 1925 upon the improvements on the premises, and that the first notice he had of any increase in the assessment was upon the receipt of a tax notice, about March 1, 1926.

It is contended by appellee that the board of assessors has no power in any year except the year of the quadrennial assessment to change the value of real estate or the improvements thereon, except in case of physical changes by reason of injuries to, alteration in or addition to the improvements thereon, and that the reduction by the board of assessors was illegal. It is contended by appellant that the board of assessors was authorized to make the change in question.

While many cases with reference to the powers of the board of assessors and the board of review have been before this court for consideration, the precise question raised in this case has been before this court only in the case of *People* v. *Hammond,* 325 Ill. 83, and in that case the question was not decided, the decision being made upon other grounds. While the Revenue act provides that the assessment of real estate shall be made by the board of assessors only quadrennially, it does not provide that the quadrennial assessment list made by the board of assessors shall constitute the official assessment list for the ensuing four years

It is only made the basis for the ensuing assessment lists of the board of assessors. Paragraphs 291, 292 and 293 of the Revenue act, as they are found in Smith's Statutes of 1927, provide for changes in the assessment list which may be made by the board of assessors upon its own motion, without complaint of the tax-payer. Paragraph 291 provides that the assessors shall, in each year intervening between the quadrennial assessments, list all real property which shall become taxable and make and return a list of all new improvements, and in case of the destruction or injury by fire, flood, cyclone, storm or otherwise, or removal of any structures of any kind, or of the destruction of or any injury to orchard, timber, ornamental trees or groves, the value of which shall have been included in any former valuation of the tract or lot on which the same stood, the assessor shall determine, as near as practicable, how much the value of such tract or lot has been diminished in consequence of such destruction or injury and make a return accordingly. Paragraph 292 provides that where real property has been divided since the making of the general assessment, the assessor shall from time to time correct the description to make the same correspond to the subdivision, and distribute the assessment, in the proper proportions, among the lots or parcels into which the land should have been subdivided, and in case of vacation of a subdivision re-adjust the description of the assessment accordingly. Paragraph 293 provides that on or before the first day of June in each year other than the year of the quadrennial assessment the assessor shall determine the amount, in his opinion, of any change in the value of any tracts or lots of land by reason of any injury to, alteration in or addition to the improvements thereon since the first of April in the preceding year and prior to the first of April in the current year and add to or deduct from the assessment accordingly, setting down the amount of such change in a proper column in the assessment books, and that the as-

sessor shall not in any year except the year of the quadrennial assessment change the valuation of any real estate or improvements except as provided in this paragraph. Paragraph 314 provides, among other things, that each year, "on complaint in writing that any property described in such complaint is incorrectly assessed, the board [the board of review] shall review the assessment, and correct the same, as shall appear to be just. Such complaint to affect the assessment for the current year shall be filed on or before the first day of August." This paragraph also provides with reference to the board of assessors as follows: "After making its annual return of the revised assessment to the board of review as required by law, the board of assessors in counties of 250,000 inhabitants, or over shall have the power, in any year, except the last year preceding each quadrennial assessment, to consider and correct the valuations of real property for the next succeeding annual assessment, in the same manner, upon complaints filed from time to time, and upon complaints filed shall proceed to do so; and such changes as it shall make in any such valuations shall be noted upon the assessment list remaining in its custody, and include the same in its annual return to the county clerk and the board of review. All such changes to be reviewed by the board of review each year as in cases of any assessments." Paragraph 302 provides that the board of assessors shall meet on the first Monday in June in each year for the purpose of revising the assessment of real property, and that at such meeting the board of assessors, upon application of any tax-payer or upon its own motion, shall revise the assessment and correct the same as shall appear to it to be just. When such revision is completed and the change and revision entered in the assessment books an affidavit shall be appended to each of such assessment books in the form required by law. Paragraph 314 provides that "in counties of 250,000 inhabitants or over, in each year, the assessment list of real estate, as made by

the board of assessors, shall be prepared in triplicate, and the three complete lists shall be certified by the assessors to the board of review when the assessment required by law is completed by them."

In construing an act of the legislature it is the duty of the court to attempt to determine the intention of the legislature from the language of the act when all of its provisions are taken together and considered with reference to the purpose for which the legislation was enacted. (*Village of Glencoe* v. *Hurford,* 317 Ill. 203.) It is a cardinal rule of construction that no statute shall be so construed, if it can be prevented, that any clause, sentence or word will be superfluous, void or insignificant, but that it shall be so construed, if possible, that every sentence and word shall be given its ordinary meaning and acceptation. (*Thompson* v. *Bulson,* 78 Ill. 277.) Repeal of laws by implication is not favored, and it is only where there is a clear repugnance between two laws and the provisions of both cannot be carried into effect that the later law must prevail and the former be considered repealed by implication. Where two statutes are enacted which have relation to the same subject, the earlier continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it; and where two acts are seemingly repugnant, they should, if possible, be so construed that the later may not operate as a repeal of the former by implication. (*Village of Glencoe* v. *Hurford, supra; Walgreen Co.* v. *Industrial Com.* 323 Ill. 194; *People* v. *Burke,* 313 id. 576.) Applying these rules of construction, we cannot hold that the provisions of paragraph 314 giving to boards of assessors, in counties of 250,000 inhabitants or over, the power in any year except the last year preceding each quadrennial assessment to consider and correct the valuation of real property for the next succeeding annual assessment upon complaints filed by

the tax-payers, are repealed or nullified by paragraph 293, which provides that assessors shall not in any year except the year of the quadrennial assessment change the valuation of any real estate or improvements or the division thereof, except as provided in that paragraph.

It is not every provision of the Revenue act pertaining to assessors that is applicable to boards of assessors. Paragraph 333 provides as follows: "The board of assessors shall perform the duties and have the powers in relation to the assessment of property imposed upon or possessed by county or township assessors by law, and where the term assessor is used in this act it shall apply to such board of assessors, and the members thereof, except in so far and in such cases as it is inconsistent with special provisions of this act in regard to the board of assessors and the members thereof." The prohibition contained in paragraph 293 is a limitation upon the powers of assessors. The board of assessors is not named in that paragraph. It is inconsistent with the special provisions of the act in regard to the board of assessors, and hence, by reason of paragraph 333, does not apply to that board. To hold otherwise would be. not only to take away from the board of assessors of Cook county powers expressly conferred upon it by the paragraphs above quoted, but would render nugatory paragraph 304, which provides: "The office of the board of assessors * * * shall be open all the year during business hours to hear or receive complaints or suggestions that real property has not been assessed at proper valuation." The power to reduce assessments upon written complaint is expressly given to the board of assessors by paragraph 314, and we must presume, in the absence of proof to the contrary, that the board of assessors in making the reduction acted upon a written complaint of the tax-payer. Such reduction being authorized by law, the action of the board of review in raising it without notice to the tax-payer was void. *People v. Hammond, supra.*

The action of the board of review in raising the assessment without notice to the tax-payer being void, the county court should have sustained appellant's objections to so much of the tax as resulted from the change, and the judgment of the county court is therefore reversed and the cause remanded to that court, with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*