(No. 19603.— )
The People *ex rel.* George F. Harding, County Collector, Appellee, *vs.* The General Outdoor Advertising Company, Appellant.

*Opinion filed June 19, 1929.*

Ralph O. Butz, and Arthur W. Main, for appellant.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEI-
MAN, JAMES F. CLANCY, and E. CLARK DAVIS, (HAYDEN
N. BELL, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Cook county ordering the sale of appellant's land for
delinquent taxes for the year 1927.

Appellant filed its objection in the county court to the
judgment, alleging that it had paid to the county collector
of Cook county all the legal portion of the tax levied against
its property, and that the unpaid portion of the tax was
illegal on the ground that the assessed valuation upon the
improvement upon the premises was arbitrarily raised by
the board of review of Cook county, without notice to the
objector, from an assessed value of $63,000 to $100,000.
Agents of the objector testified that they received all its
mail and that no notice of the proposed increase in valu-
ation for the year 1927 was received by them. Appellee
attempted to prove notice by introducing in evidence a reg-
istered return postal receipt signed by R. Telford as agent
of the Thomas Cusack Company, of which company ap-
pellant is the successor. The evidence shows that Telford
was a doorman in the employ of appellant, whose duty it
was to sit in the lobby and act as doorman or information
clerk and that he was not authorized to receive mail for
appellant. Even if it be conceded that receipt of a notice
by Telford would be binding upon appellant, there is no
evidence in the record as to the contents of any notice sent
by the board of review to appellant or its predecessor, the
Thomas Cusack Company, or as to the contents of the reg-
istered article received by Telford. The board of review
has no power to raise the assessment of a tax-payer with-
out notice, and in the instant case its action in raising the
assessment from $63,000 to $100,000 was void, (*People* v.

*Goldberg,* 332 Ill. 346; *People* v. *Hammond,* 325 id. 83;) and the tax levied against appellant's property on the excess of valuation over $63,000 was void.

The judgment of the county court is reversed.

*Judgment reversed.*