(No. 19421.

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* PETER PANAGAKIS, Appellant.

*Opinion filed October 19, 1929—Petition for rehearing stricken December 7, 1929; Leave to file new petition denied April 4, 1930.*

WILLIAM J. GRACE, for appellant.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, and JAMES F. CLANCY, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The facts in this record are not controverted and are substantially the following: Appellant, Peter Panagakis, was during the year 1927 the owner of the real estate

which he describes as lot 3, block 1, in MacAuley & Elliott's Rutherford subdivision of block 3, situated in the city of Chicago. In that year the board of assessors of Cook county fixed the full value of said lot as of April 1 for the purposes of taxation at $2126 and the improvements thereon at $5000, making the full value of the lot and the improvements $7126. The board of assessors then fixed one-half of that amount, or $3563, as the assessed value of the lot and the improvements thereon for the year 1927. The board of review of Cook county, without giving notice of any kind to appellant, fixed the assessed value of the lot and the improvements thereon at $7126, which assessed value of the lot and the improvements was the same as the full value of the lot and improvements as previously determined and fixed by the board of assessors. The assessment book of Cook county, duly verified by the board of assessors and the board of review, as required by the statute, was introduced in evidence and contains the following entries by the board of assessors as to said improved lot: "Full value of improved lot, $2126; full value of improvements, $5000; assessed value of improved lot and improvements, $3563; total assessed value by board of assessors, $3563." The board of review simply made the following additional entry on said book without making any other change: "Total assessed value as corrected by board of review, $7126." Appellant paid one-half of the taxes extended on the assessment of $7126 fixed by the board of review. On the application of the county collector for judgment and order of sale against said lot for the unpaid taxes thereon for 1927, etc., appellant objected to the taxes extended on the assessment of the lot and improvements in excess of $3563, on the ground that the assessment of the lot as fixed by the board of assessors had been increased by the board of review without notice to him. The court overruled appellant's objection and entered judgment and

order of sale against the lot for delinquent taxes, and he has perfected this appeal.

By the amendment of sections 17 and 18 of the Revenue act of 1898 in 1919 (Laws of 1919, p. 727,) the assessors were directed, in assessing property for taxation, to set down in one column headed "Full value" the full value of the property, and in another column headed "Assessed value" one-half part thereof, and it was provided that the "one-half value of all property so ascertained and set down shall be the assessed value for all purposes of taxation." The effect of that amendment was to change the assessed value of property from one-third to one-half of the full value thereof; and in *People* v. *Board of Review*, 290 Ill. 467, it was held that the amendment of 1919, which went into effect July 1, 1919, was valid and applied to the taxes for the year 1919. By an act approved July 7, 1927, (Laws of 1927, p. 745,) sections 17 and 18 were again amended, and by that amendment the assessors are directed to fix the full cash value of property and set down the amount so fixed in a column headed "Full value" and to set down the amount so fixed in a column headed "Assessed value;" and said amendment provides that the "full value of all property so ascertained and set down shall be the assessed value for all purposes of taxation." Following the decision in *People* v. *Board of Review, supra,* we hold that this amendment applies to the assessment and taxes of 1927.

The affidavit of the members of the board of assessors to the assessment roll in this case is dated October 26, 1927, but it is clear, whether they completed their assessment before or after the amendment of 1927 above mentioned went into force, that in making the assessment of appellant's lot they followed the law of 1919. This is true because they set down as the assessed value of the lot and improvements one-half of the full value thereof as determined by them, whereas the amendment of 1927 directed

that the full value as determined be also set down as the assessed value, and provided that the full value as determined by the board of assessors should be the assessed value.

Appellee does not dispute the proposition relied upon by appellant that the board of review cannot raise an assessment made by the board of assessors without notice to the property owner. That such is the law is well established. (*People* v. *Outdoor Advertising Co.* 335 Ill. 211; *People* v. *Hammond,* 325 id. 83.) The amendment of 1927 provided that the full value of property as determined by the board of assessors should be the assessed value thereof. The board of review simply set down, as the law directed, the full value of appellant's lot and the improvements thereon as determined by the board of assessors as the assessed value thereof. The board of review did not change the valuation of the property as made by the board of assessors. Appellant had no vested right under the statute providing that one-half the full value of property should be taken as the assessed value, and the legislature had the right and power to make the change it did make by the amendment of 1927. (*People* v. *Board of Review, supra.*) Appellant has no cause of complaint that the taxes were extended on the full value of his property as determined by the board of assessors, which value the law specified should be the assessed value for all purposes of taxation. It would have availed appellant nothing if the board of review had given him notice and a hearing before it on the question of fixing the assessed value, as required by the amendment of 1927, at the full value as fixed by the board of assessors because appellant could have shown no possible ground on such hearing for the board of review fixing the assessed value at half the full value, or at any value less than the full value fixed by the board of assessors, unless he could show that the board of assessors had incorrectly determined and fixed the full value of the lot and the improvements.

94

Appellant makes no such contention but insists that the board of assessors fixed correctly both the full and the assessed value.

The county court did not err in overruling the objection of appellant, and its judgment must be and is affirmed.

*Judgment affirmed.*