(No. 12174.—Appellate Court reversed; circuit court affirmed.)

Margaret McDonald, Appellant, vs. The City of Spring Valley, Appellee.

*Opinion filed October 21, 1918.*

Municipal corporations—*statute requiring written notice before suit for personal injury does not apply to young child.* The statute requiring written notice within six months after an injury by any person intending to sue a city does not apply to a child seven years old, who is physically and mentally incompetent to give such notice, as the act, though general in its terms and containing no specific exception, must be construed as having been passed with due regard to the established rules of law for the protection of incompetent persons.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. Joe A. Davis, Judge, presiding.

J. L. Spaulding, and C. N. Hollerich, for appellant.

M. P. Cornelius, and J. E. Malone, Jr., (Manton Maverick, of counsel,) for appellee.

Mr. Justice Cooke delivered the opinion of the court:

The appellant, Margaret McDonald, by Patrick McDonald, her next friend, brought her suit in trespass on the case against the city of Spring Valley, appellee, in the circuit court of Bureau county, charging appellee with negligence which resulted in the loss of the third finger of her left hand. Appellee filed a general and special demurrer to the declaration, the grounds for the special demurrer being that appellant did not comply with the requirements of the statute relative to the giving of notice to appellee of the injury complained of, and that under the facts alleged in the declaration she was not excused from complying with the statute on account of her minority or her mental or physical disability. The court overruled the demurrer, and appellee having elected to stand by its demurrer a jury was

called and damages were assessed in the sum of $1000, upon which verdict the court rendered judgment.    On appeal to the Appellate Court for the Second District the judgment of the circuit court was reversed without remanding, and a certificate of importance having•been granted, the cause was brought to this court for further review by appeal.

The declaration alleges that appellee permitted a building to be erected and maintained in one of its streets as a place of amusement, in which appellant, through the negligence of appellee, received the injury complained of on June 24, 1916; that on March 14, 1917, appellant filed in the offices of the city attorney and city clerk of appellee a statement in writing signed by her, giving her name, the date and about the hour of the accident, the place and location where the accident occurred and the address of the attending physician; that appellant on June 24, 1916, and on March 14, 1917, was a minor of the age of seven years; that on those dates, on account of her tender years, she did not know and was not informed by anyone of the provisions of the statute concerning suits at law for personal injury against cities, villages and towns, and that on account of her tender years and her physical and mental incapacity it was impossible for her to give to the city attorney or the city clerk, or to anyone whomsoever, the notice required to be given by said statute, or to know, comprehend, understand or comply with the terms and requirements of that statute.

The act referred to in the declaration is as follows: "Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney,

giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any)." (Hurd's Stat. 1917, p. 1663.)

It is the contention of appellant that the admitted facts set up in the declaration constitute a good and complete cause of action, and that under the law she was not required to do more than it was admitted she had done in order to entitle her to recover, for the reason that the laws of this State did not require her, under the admitted facts disclosed by the pleadings, to serve a notice within six months after the injury to entitle her to recover. Appellant insists that under a proper construction of this statute one in her condition is excepted from its operation, and that because of her mental incapacity the statute does not apply to her and she is not required to give the statutory notice within six months after receiving the injury. The allegations of the declaration must be taken as true, and it must be conceded, as is done by counsel for appellee, that appellant was mentally incapable of giving the notice required by the statute. It is the contention of appellee that the statute, being general in its terms, cannot be construed to make any exception, and that the legislature has the power, if it sees fit to do so, to make the statute applicable to all persons, without regard to their situation or mental condition.

Statutes general in their terms are frequently construed to contain exceptions, when considered in connection with well known rules of law, without the courts being subjected to the criticism of having entered the legislative field. This is done upon the theory that statutes, though general in their terms, have been enacted with the full recognition of rules of law which have become well known and well established. From time immemorial the status of a minor of tender years has been recognized in law to be different from that

of one of more mature years. The law recognizes that up to the age of seven years a child is incapable of such conduct as will constitute contributory negligence, and our courts have uniformly so stated the law in their instructions to juries. (*Chicago City Railway Co.* v. *Tuohy,* 196 Ill. 410; *Illinois Central Railroad Co.* v. *Jernigan,* 198 id. 297.) At common law an infant within seven years of age could not be convicted on a criminal charge, as he was conclusively presumed not to be capable of committing a crime, and between the ages of seven and fourteen he was still presumed to be incapable, but between those ages this presumption might be overcome by proof. These rules of law are based upon the well known fact of the incapacity of children of tender years, and they are not held to the same accountability as are adults. The recognition, by the law, of the status of infants, and of their exemption up to a certain age from liability under the law, is so well known that it must be presumed that the legislature, in enacting such a statute as the one under consideration, did not intend by the general language used to include within its provisions a class of persons which the law has universally recognized to be utterly devoid of responsibility.

We have repeatedly held that this act is constitutional. Appellant contends that such a construction as that contended for by appellee would render it unconstitutional. By submitting the case to the Appellate Court all constitutional questions were waived and appellant cannot now question the validity of the act. However, as the question presented is simply one of construction, it is not improper to say that if the construction insisted upon by appellee were adopted it would undoubtedly render the act unconstitutional, as depriving appellant of due process of law. The act is meant to apply only to those who are mentally and physically capable of comprehending and complying with its terms. We are aware, as appellee has pointed out, that in a number of other jurisdictions a strict construction has been given to similar

statutes, and that it has been held in those jurisdictions that it is a matter for the legislature to determine whether there should be any exceptions to such legislation; but in the State of New York, where there is a similar statute, the New York Court of Appeals held that where an infant five years of age was injured by the alleged negligence of a village, its right of action was not barred because it did not file the notice required within the time prescribed by the statute, under the rule that the law does not seek to compel one to do that which he cannot possibly perform, and that the failure of a father or mother to file the notice is not chargeable to the infant. (*Murphy* v. *Village of Ft. Edward,* 213 N. Y. 397.) In the State of Washington a similar statute has been construed not to include cases where the person injured was rendered physically and mentally incapable of complying with the statute in the time required, by reason of the extent of his injuries. (*Born* v. *City of Spokane,* 27 Wash. 719; *Ehrhardt* v. *City of Seattle,* 33 id. 664.) Common experience tells us that the cases in which the exception to this statute would be applied are very few, and that in a great majority of cases there is not such disability as would make compliance with the statute impossible. It would be unreasonable to so construe this statute as to make it appear that the legislature intended in these few cases to require that to be done which is utterly impossible of performance. It cannot be controverted that a minor is incapable of appointing an agent or an attorney, and it can not be successfully contended that the statute can be complied with by the filing of the required notice by the father, mother or some friend of the child as next friend. While the parent of a minor is its natural guardian he cannot be said to be the agent or attorney for the child. A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights.

The declaration disclosed that appellant was mentally and physically incapable of giving the notice required by the statute, and she therefore did not come within the provisions of this statute as properly construed.

The judgment of the Appellate Court is reversed and the judgment of the circuit court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*