## John Sobieski, by Peter J. Sobieski, Appellee, v. City of Chicago et al., Appellants.

### Gen. No. 29,348.

1. MUNICIPAL CORPORATIONS—*sufficiency of declaration to show minority of plaintiff within exemption from notice of Injuries Act.* In an action against a city on behalf of a minor for damages resulting from personal injuries, an averment that the plaintiff brings suit by his father and next friend is sufficiently general to include, by reasonable intendment, the fact that plaintiff was a minor of tender years and therefore exempt from the requirements of the Injuries Act, Cahill's Ill. St. ch. 70, as to giving notice to the city, and where proof of his age was made, the want of an express averment thereof was cured by the verdict.

2. DAMAGES—*excessiveness of verdict for personal injuries.* A verdict for $8,000 for personal injuries cannot be said to be so excessive as to require a remittitur where plaintiff, a child of tender years, sustained a fracture of the collar bone and of the fourth and fifth ribs near the breast bone and there was evidence tending to prove a deformity of the chest because of which, with resulting adhesions existing at the time of the trial, the expansion of the lung is limited, and that at that time, four years after the accident, he was pale, anemic and undersized as a result of the accident.

Appeal by defendants from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Affirmed. Opinion filed October 7, 1924. *Certiorari* denied by Supreme Court (making opinion final).

FRANCIS X. BUSCH and JOHN J. KELLY, for appellants; ALBERT H. VEEDER and FRANK J. CORR, of counsel.

MORSE IVES, H. H. PATTERSON and CHARLES C. BODENSTAB, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

This is an appeal by the City of Chicago from a judgment for $8,000 rendered against it and another defendant for damages for personal injuries sustained by the plaintiff in November, 1919, by the falling of a barricade erected on a public street in said city.

It appears from the evidence that at the time of the accident plaintiff, then about eleven months old, was being carried in his father's arms along the west sidewalk of Western avenue, north of 47th street. At that point there was a building under construction, and in front of it a barrier, or barricade, had been erected some 30 feet in length, and 12 to 14 feet in height, so placed that the bottom of the barricade was on the public sidewalk and the top leaned against the building. The evidence tends to prove that the barricade was insecurely fastened, and that for some time prior to the accident it had been "loose and shaky." As plaintiff's father, carrying the plaintiff, was passing over the sidewalk, the barricade toppled over and fell on them, and both were seriously injured.

No question is raised here as to the negligence of the city. The only alleged errors mentioned in the briefs of appellant's counsel are (1) that the amended declaration fails to state that the statutory notice required by the Injuries Act was given to the city, which, it is said, is a jurisdictional defect not cured by the verdict; and (2) that the verdict was excessive.

So far as appears from the transcript of the record filed in this court, the alleged defect in the amended declaration was not called to the attention of the trial court at any time. The bill of exceptions states, generally, that after the motion for a new trial was overruled, the court also denied a motion in arrest of judgment; but what grounds, if any, were given for the motion in arrest, or whether any formal motion was filed, does not appear from the bill of exceptions.

Apparently, the point is raised for the first time in this court. It appears from the transcript that the declaration first filed alleged that such a notice—which is set out in the declaration—was in fact given to the city in proper form and in apt time. But it also appears that plaintiff afterwards obtained leave to file and filed an amended declaration, which makes no mention of any such notice having been given, and which does not refer in any manner to the original declaration. This amended declaration begins by stating that the plaintiff, by his father and next friend, by leave of court, etc., "files this, his amended declaration, and complains," etc. Following this caption are two counts, in neither of which is there any allegation that any notice, statutory or otherwise, was given to the city of the happening of the accident. Still later, by leave of court, an additional count was filed containing the same caption, in which the plaintiff says that by leave of court, etc., he "files this additional count to his amended declaration." There is no mention of any notice in such additional count.

Upon these facts, the argument of counsel for the city is that since the plaintiff's "amended declaration" and "additional count to his amended declaration" are complete upon their face and neither of them refers in any manner to the original declaration filed, plaintiff thereby abandoned his original declaration, and therefore the verdict and judgment must stand or fall upon the allegations contained in the amended declaration and additional count, both of which fail to mention an essential part of plaintiff's cause of action against the city, viz., that notice to the city was given as required by the Injuries Act. Plaintiff's answer to this argument is that under the ruling of the Supreme Court in the case of *McDonald v. City of Spring Valley*, 285 Ill. 52, a minor of tender years is not required to give such a notice. To this, counsel for the city reply that there is nothing in the

amended declaration to show that plaintiff is a minor of tender years.

It is true that the amended declaration does not, in terms, state that plaintiff is a minor, or give his age, but it does state that the suit is brought on behalf of the plaintiff by his father and next friend, and the proof shows, beyond any question, that both at the time of the accident and at the time of the trial plaintiff was less than seven years of age. The *Spring Valley* case, *supra*, holds that the statute does not apply to a plaintiff of that age, because he is physically and mentally incapable of giving such a notice as the statute requires. The opinion of the court in that case also refers to the settled rule that a minor is legally incapable of appointing an agent or attorney, and says that the statute cannot be complied with "by the filing of the required notice by the father, mother or some friend of the child, as next friend."

The question here involved, then, may be restated thus: Was it necessary to state in terms in the declaration that plaintiff was a minor under seven years of age, when there is in the declaration a statement that the suit is brought by the plaintiff "by his father and next friend"? If this question had been presented by a demurrer to the amended declaration, doubtless the demurrer would have been sustained. But after verdict, the rule is that "if a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved and without proof of which the jury could not have given the verdict, the want of an express averment of such matter is cured by the verdict." (*Sargent Co. v. Baublis,* 215 Ill. 428, 430.) "After verdict, on a motion in arrest of judgment, the court will intend that every material fact alleged in the declaration, or fairly inferable from what is alleged, was proved on the trial." (*Cribben v. Callaghan,* 156 Ill. 549, 553.) "Where the plaintiff states his cause of

action defectively, it will be presumed, after verdict, that all circumstances necessary, in form or substance, to complete the title so defectively stated, were proved at the trial, as they must have been proved in order to entitle the plaintiff to recover." (Ibid., citing 2 Tidd's Prac., p. 919.)

The averment in the amended declaration that the plaintiff brings this suit by his father and next friend is "sufficiently general to include, by fair and reasonable intendment," the fact that plaintiff was a minor of tender years and therefore exempt from the operation of the requirements of the Injuries Act as to giving notice to the city. Under that averment, it was competent to prove the age of the plaintiff, and that was in fact done; and since his age is the only fact necessary to be proved in order to show that he was not required to give notice of the accident to the city, it follows that "the want of an express averment" of the plaintiff's age "is cured by the verdict." Upon the principles announced in the cases above cited, we are of the opinion that the amended declaration is sufficient to sustain the judgment.

The only remaining contention is that the damages are excessive. Plaintiff sustained a fracture of the collar bone and of the fourth and fifth ribs near the breast bone. There is evidence tending to prove that his chest is now deformed by reason of a "bulging" of the ribs at the place of these fractures, and that because of this condition, and because of adhesions that existed at the time of the trial, the expansion of the lung is limited. He also suffered, following the accident, from an enlargement of the neck glands. Before the accident he was a normal, healthy child, and at the time of the trial—four years later—he was pale, anemic and undersized. There is evidence tending to prove that his present condition is the result of the accident, and while the amount of the verdict

might seem large, if judged by pre-war standards, we are not disposed to require a remittitur.

The judgment of the circuit court is affirmed.

*Affirmed.*

BARNES and GRIDLEY, JJ., concur.