THE WALGREEN COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JEMINA CLARK, Guardian, Plaintiff in Error.)

*Opinion filed October 28, 1926.*

1. STATUTES—*general statutes are presumed enacted with regard to well recognized exceptions.* Statutes general in their terms are frequently construed to contain exceptions when considered in connection with well known rules of law, as such statutes are presumed to have been enacted with full recognition of such rules, and although a statute general in its terms contains no specific exception with regard to incompetents, it must be construed as having been passed with due regard to the established rule of law for the protection of such persons.

2. SAME—*what may be considered in construing a statute.* In construing a statute the purpose and intent of the legislature when the act was passed must be ascertained and given effect, if possible, and in ascertaining such purpose and intent the words of the statute must be taken in the sense in which they were understood when the act was passed, and it is proper to consider the history of the legislation on the subject enacted at the same or different sessions and to consider the statutes upon cognate subjects though not strictly *in pari materia.*

3. SAME—*earlier of two statutes on same subject continues in force, if possible.* Where two statutes enacted at different times have relation to the same subject the earlier continues in force unless the two are clearly inconsistent or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it, and where two acts are seemingly repugnant they should, if possible, be so construed that the later may not operate as a repeal of the former by implication.

4. SAME—*words must be construed in their ordinary meaning.* The words of a statute are to be construed as having been used in their ordinary meaning unless a contrary meaning is apparent.

5. MINORS—*rights of minors will be carefully guarded.* It is the public policy of the State that courts should guard carefully the rights of minors, and a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision.

6. WORKMEN'S COMPENSATION—*minor not bound by statutory provision as to time of filing claim.* The limitations of time pro-

vided by the Compensation act do not run against the rights of a minor so long as he is without a guardian, and a minor suffering an injury is not bound by the provision of section 24 of the Compensation act of 1919 that no proceedings shall be maintained unless claim for compensation is made within six months after the accident.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

JAMES C. MCSHANE, and W. E. GRIFFIN, for plaintiff in error.

MOLONEY & POSTELNEK, (PETER POSTELNEK, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is a case where a boy sixteen and one-half years of age sustained an accidental injury arising out of and in the course of his employment for the Walgreen Company on May 27, 1920, but no claim for compensation was made until April 5, 1924, when the mother of the boy was appointed guardian by the probate court of Cook county, and she then made written claim for compensation as guardian and filed an application for adjustment of claim. At the commencement of the hearing before the arbitrator the attorney for respondent moved to dismiss the application for adjustment of claim on the ground that the commission had no jurisdiction over the subject matter. This motion was based upon the provision of section 24 of the Workmen's Compensation act of 1919, which provides, in part, as follows: "No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident." At the termination of the hearing the decision of the arbitrator denied compensation for the reason that claim for compensation was not made on the respondent within the time required under the provisions of the act. A petition for

review was filed by the petitioner and the matter submitted to the commission on the record before the arbitrator. The Industrial Commission entered an order reversing the decision of the arbitrator and awarding compensation, the amount of which, except the allowance for medical expense, is not questioned if it is found that any compensation should be awarded at all. Upon *certiorari* the superior court of Cook county set aside the decision of the Industrial Commission and denied compensation upon the same ground the arbitrator had denied it. By leave of this court the record is now here for review upon writ of error.

There is no dispute between the parties as to the facts, and the decision of the case depends upon the legal construction placed upon certain provisions of the Workmen's Compensation act. The petitioner admits that no claim for compensation was made by or on behalf of the injured boy until almost four years after the accident happened, but she bases the right to come in at that late date on the provision of paragraph (*h*) of section 8 of the 1919 act, which provides: "In case an injured employee shall be incompetent at the time when any right or privilege accrues to him under the provisions of this act, a conservator or guardian may be appointed, pursuant to law, and may, on behalf of such incompetent, claim and exercise any such right or privilege with the same force and effect as if the employee himself had been competent and had claimed or exercised said right or privilege; and no limitations of time by this act provided shall run so long as said incompetent employee is without a conservator or a guardian."

While section 24 of the act is general in its terms, yet statutes general in their terms are frequently construed to contain exceptions when considered in connection with well known rules of law, without the courts being subjected to the criticism of having entered the legislative field. This is done upon the theory that statutes, though general in their terms, have been enacted with the full recognition of rules

of law which have become well known and well established. From time immemorial the status of a minor of tender years has been recognized in law to be different from that of one of more mature years, and in *McDonald* v. *City of Spring Valley,* 285 Ill. 52, (a suit brought by a minor by her next friend in trespass on the case against the city of Spring Valley,) it was held that the statute requiring written notice six months after an injury by any person intending to sue a city did not apply to a child seven years old, who was physically and mentally incompetent to give such notice, and that the act, though general in its terms and containing no specific exception, must be construed as having been passed with due regard to the established rules of law for the protection of incompetent persons. In *Maskaliunas* v. *Chicago and Western Indiana Railroad Co.* 318 Ill. 142, (a suit for personal injuries,) it was held that the statute making it a misdemeanor to climb upon a railroad car without permission had no application to the appellee, who was under ten years of age, and that, notwithstanding the statute was general in its terms, it must be construed in connection with a statute declaring a child under the age of ten *doli incapax.* From these decisions the conclusion must be drawn that it is the public policy of this State that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision.

It is contended by respondent that paragraph (*h*) of section 8 of the Workmen's Compensation act does not apply to minors, and that a claim for compensation on behalf of a minor cannot be maintained unless commenced within the time limited by section 24, and as the basis of this contention it relies upon section 5, which provides, in part, as follows: "The term 'employee' as used in this act, shall be construed to mean * * * every person in the service of another under any contract of hire, express or implied, oral

or written, including * * * aliens, and minors who are legally permitted to work under the laws of the State, who, for the purpose of this act, shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees."

In the interpretation and construction of statutes the purpose and intent of the legislature when the act was passed must be ascertained and given effect, if possible, and the words of a statute must be taken in the sense in which they were understood at the time the statute was enacted, and in ascertaining such purpose and intent it is proper to consider the history of the legislation on the subject enacted at the same or different sessions and to consider the statutes upon cognate subjects though not strictly *in pari materia.* (*People* v. *Barnett,* 319 Ill. 403.) Paragraph (*h*) of section 8 was enacted by the legislature in 1911, and section 5, upon which reliance is placed, was enacted in 1913. Section 5 does not purport to amend paragraph (*h*), is not upon the same subject matter and in nowise refers to the former section. The evident purpose of section 5 is to define the term "employee." Where two statutes are enacted which have relation to the same subject, the earlier continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it, and where two acts are seemingly repugnant, they should, if possible, be so construed that the later may not operate as a repeal of the former by implication. (*Village of Glencoe* v. *Hurford,* 317 Ill. 203; *Town of Ottawa* v. *County of LaSalle,* 12 id. 339; *People* v. *Burke,* 313 id. 576.) Paragraph (*h*) must therefore be construed the same as if section 5 had not been enacted.

Paragraph (*h*) of section 8 provides: "In case an injured employee shall be incompetent at the time when any right or privilege accrues to him under the provisions of

this act, a conservator or guardian may be appointed pursuant to law." At the time of the enactment of this section conservators could be appointed, "pursuant to law," for lunatics, idiots, drunkards and spendthrifts, while guardians were appointed, "pursuant to law," for minors. By law a minor could not commence a legal suit or proceeding in his own name but such suit or proceeding could only be commenced and prosecuted on behalf of a minor by his next. friend or by his guardian appointed "pursuant to law," on whom was imposed the statutory duty of appearing for and representing his ward in all legal suits and proceedings unless some other person was appointed for that purpose or the suit or proceeding was brought on behalf of the minor by his next friend. That minors were not considered by the legislature in enacting the law of 1911 as having the same status as adult persons is evidenced by the fact that section 5½ of the act provided that the employer liable to pay lump sum compensation might petition for the appointment of a guardian where no guardian had been appointed. In construing the words of the statute they are to be construed as having been used with their ordinary meaning unless a contrary meaning is apparent. In Webster's New International Dictionary an incompetent is defined as "one who is incompetent; as one incapable of managing his affairs because mentally deficient or undeveloped; as children and idiots are incompetents in the eyes of the law." As said in *McDonald* v. *City of Spring Valley, supra:* "A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights," and we hold that the limitations of time provided by the Workmen's Compensation act do not run against the rights of a minor so long as he is without a guardian.

While some question was raised in the court below as to the allowance made by the commission for medical ex-

penses, respondent in its brief and argument does not point out any particular wherein the allowance was incorrect.

The judgment of the superior court will be reversed and the award of the Industrial Commission confirmed by this court.

*Judgment reversed and award confirmed.*