Joe Ray Shelton, by Mary Jo Shelton, His Next Friend, Mary Jo Shelton, Plaintiffs-Appellants, v. Harold W. Woolsey and Morris Fish, Defendants-Appellees.

Gen. No. 10,186.

Third District.
February 17, 1959.
Released for publication March 5, 1959.

Allen and Allen, of Danville, for plaintiffs-appellants.

Stifler & Snyder, of Danville, for defendants-appellees.

JUDGE CARROLL delivered the opinion of the court.

Joe Ray Shelton, a minor, by his next friend, brought this action under the Dramshop Act to recover damages for injuries allegedly caused by an intoxicated person who had been served liquor by defendants.

Suit was filed one year and one day after the cause of action accrued. Defendants moved to dismiss the

complaint on the ground that the same was not filed within the one year limitation prescribed by the Act. The Circuit Court sustained the motion and upon judgment being entered for defendants, this appeal was prosecuted by plaintiff.

The Dramshop Act, upon which plaintiff's right to recover is based, as amended in 1955, contains a provision requiring "that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued." (Ill. Rev. Stats. 1955, Chap. 43, Par. 135.) Plaintiff contends that the foregoing recital as to the time within which Dramshop actions must be commenced is a statute of limitation; that such provision and the general limitations statute are in *pari materia;* and that when construed together there is manifest an intention on the part of the legislature that the one year limitation as provided under the Dramshop Act should not apply to minors.

In considering such argument, it must be borne in mind that the rights created by the Dramshop Act are entirely statutory. Cruse v. Aden, 127 Ill. 231; Dillon v. Nathan, 10 Ill.App.2d 289; Howlett v. Doglio, 402 Ill. 311. As the court said in the latter case: "The liability imposed and the nature of the damages recoverable is of statutory origin, and is expressly and exclusively defined in the Dramshop Act."

Plaintiff's right to sue arises from the Act and from no other source. In conferring such right, the legislature acting within its powers, saw fit to restrict the time within which such right might be exercised. This was accomplished by providing in the Act that every action thereunder shall be barred unless brought within a year after the cause of action accrued. Thus in unmistakable language, the legislature has said that any person having a right of action against a Dramshop keeper cannot bring suit thereon after the

expiration of the one year limitation. Where, as in this case, a statute creating a right not existing at common law, restricts the time within which it may be availed of, such statute is not a statute of limitations, but the time element is an integral part of the enactment. Smith v. Toman, 368 Ill. 414; Masin v. Bassford, 381 Ill. 569; Kessler v. Martinson, 339 Ill. App. 207. In Smith v. Toman, supra, the court points up the distinction between statutes of limitation and those creating a right, in which time is made an element of such right, in this language: "Statutes of limitation relate to the question of remedy by fixing a time within which a suit must be brought. Those statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation."

■ Since the one year restriction in the 1955 amended Act is not a statute of limitations, plaintiff's argument that the same must be construed in connection with the provisions of the Limitations Act (Secs. 13, 15 and 22, Chap. 83, Ill. Rev. Stat. 1955) is not applicable. As previously pointed out, the latter statute deals only with the subject of remedy, while the Dramshop Act provision under consideration, relates to substantive rights. Obviously, the two Acts cannot be said to be in *pari materia*. Furthermore, it is made clear in the Limitations Act, that the provisions thereof do not apply where a different limitation is prescribed by statute. In Wilson v. Tromly, 404 Ill. 307, the Supreme Court, in considering the limitation period in the Injuries Act, a liability statute analogous in that respect to the Dramshop Act, held that a suit brought under the Injuries Act does not come within any of the actions enumerated in the general Limitations Act but is *sui generis,* created by statute and independent of others mentioned therein.

404

 If this court were to adopt plaintiff's theory that the one year limitation period does not apply to actions by minors, it would amount to incorporating in the statute a provision which the language thereof clearly demonstrates was not within the intention of the legislature. Courts have no legislative powers and where, as in this case, the language of a statute is plain and certain, it must be given effect as written by the lawmaking body. Roth v. Kaptowsky, 401 Ill. 424. The foregoing rule was applied by the court in Seal v. American Legion Post No. 492, 245 F.2d 908, where the court in passing on the identical question raised on this appeal, said:

"If the Illinois Legislature intended that the provision in the Dram Shop Act, or in the 1955 amendment thereof, in reference to the time within which an action for damages under Section 14 thereof must be brought, was not to apply to minors, it could have said so. By its omission to do so, it evinced an intention that minor plaintiffs were subject to the same time provisions as were adults. We have no right to make a distinction which the legislature did not see fit to make. Therefore, the right of the minors to bring the action in the case before us was barred by failure to comply with the 1955 Amendment."

For the reasons indicated herein, the judgment of the Circuit Court of Vermilion County must be affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.