Stephen P. Wills, a Minor, by Orville Wills, His Father and Next Friend, Plaintiff-Appellant, v. Lewis Metz, Individually, Lewis Metz as Road Commissioner of Fayette Township, Livingston County, Illinois, Fayette Township in Livingston County, Illinois, and Livingston County in the State of Illinois, Defendants-Appellees.

Gen. No. 10,901.

Fourth District.

December 6, 1967.

S. F. Dolgin, of Fairbury, and Daniel Karlin, of Chicago, for appellant.

Chester Crabtree, State's Attorney of Livingston County, of Pontiac, and Adsit, Thompson, Strock & Strong, of Pontiac, for appellees.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

Plaintiff's second amended complaint for personal injuries and property damage against the named defendants was dismissed and judgment entered for the defendants. The action of the circuit court was based solely upon the fact that the complaint was found not to state a cause of action "by reason of the fact that the . . . Plaintiff failed to serve notice on the Defendants, or any of them, as provided and required by the provisions of Chapter 85, Section 8–102, Illinois Revised Statutes."

This cause of action arose out of an occurrence on October 19, 1965. The plaintiff was then a minor, having been born on the 27th day of November, 1945. The complaint was filed on August 23, 1966, more than three months prior to the plaintiff's twenty-first birthday. The complaint was filed by the plaintiff's father as his next friend. The only question presented by this appeal is whether or not the plaintiff, as a minor, was required to comply with the notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill Rev Stats 1965, c 85, § 8–102.)

This statute, which became effective on August 13, 1965, is essentially the same insofar as here material to earlier statutes that required notices of claims based on

injuries. See Ill Rev Stats 1965, c 122, § 823; Ill Rev Stats 1963, c 24, § 1–4–2; Ill Rev Stats 1965, c 111⅔, § 341; Ill Rev Stats 1965, c 37, § 439.22–1.

In Haymes v. Catholic Bishop of Chicago, 33 Ill2d 425, 211 NE2d 690 (1965), the Illinois Supreme Court discussed the notice requirements of the School Tort Liability Act, and the issue there presented was whether the requirement of giving written notice of injury within six months of the date of injury was binding on minor claimants. The court held that it was not and stated at 428 (211 NE2d at 692):

> "Moreover we agree with the appellate court that the language of section 3 is virtually identical with the notice-of-claim provision of the Cities and Villages Act (Ill Rev Stats 1961, chap 24, par 1–4–2), which statute, with only minor changes, is the same today as at the time of enactment in 1905. In 1918, this court in McDonald v. City of Spring Valley, 285 Ill 52, held the notice provision of the Cities and Villages Act not applicable to minors, and this case has been followed without exception since. (See Doerr v. City of Freeport, 239 Ill App 560; Sobieski v. City of Chicago, 234 Ill App 382; Carlson v. Village of Glen Ellyn, 21 Ill App2d 335.) It is apparent to us that the legislature in enacting section 3 of the School Tort Liability Act was aware of our holding in McDonald, and therefore must have intended that section not to be applicable to minor claimants. If notice were to be required of a minor who cannot make a legally binding appointment of an agent or attorney, the legislature could have provided for notice by a next friend or legal guardian, but it has not seen fit so to provide.
>
> "We therefore hold that sections 3 and 4 of the School Tort Liability Act are not applicable to or binding upon the minor plaintiff here."

336

That decision is determinative of this case. The defendants here urge that in McDonald and all of the subsequent cases relying on McDonald, the minor plaintiff was, in fact, physically or mentally incapable of compliance with the provisions by reason of young and tender years and that the cases are applicable only to minors of a similar mental or physical circumstance as the plaintiffs in those cases. They then urge that the plaintiff here was 19 years, 10 months, and 22 days of age, and that no reason for noncompliance with the notice requirement is suggested in the sense of a disability and that the plaintiff was old enough to drive, to enter military service, accept employment, enter into various other contractual relationships, and further urge that he should not be excused from giving notice required by the here applicable statute.

We read the Haymes case and its predecessors as making a distinction between minors and adults. The line of demarcation is not one of physical or mental capacity to give the notice but one of ascertaining whether or not the plaintiff is or is not a minor. In this case, the plaintiff was a minor and the notice requirement of section 8–102 was not applicable to nor binding upon him. The judgment of the circuit court of Livingston County is reversed and this cause is remanded to that court for further proceedings in accordance with the views expressed herein.

Reversed and remanded with directions.

SMITH and TRAPP, JJ., concur.