(No. 43956.

DORIS FANIO, Appellant, v. JOHN W. BRESLIN COMPANY *et al.,* Appellees.

*Opinion filed March 30, 1972.*

KLUCZYNSKI, J., dissenting.

CALIENDO, ENGELSTEIN & ABRAMS, of Chicago, for appellant.

HACKBERT, ROOKS, PITTS, FULLAGAR, and POUST, of Chicago (JOHN G. POUST and DWIGHT C. ADAMS, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The plaintiff brought this suit in the circuit court of Cook County, as administrator of her husband's estate, seeking damages for his wrongful death, and as an individual, asking damages for her obligations incurred under the family expense statute (Ill.Rev.Stat. 1969, ch. 68, par. 15) by reason of the injuries to, and death of, her husband. Two of the counts—those against the defendant, Metropolitan Sanitary District of Greater Chicago—were dismissed by reason of the plaintiff's failure to give the required six-months notice and to file the suit within one year from the date the cause of action accrued, as required under the provisions of the Local Governmental and Governmental Employees Tort Immunity Act. Ill.Rev.Stat. 1969, ch. 85, pars. 8—101, 8—102.

The plaintiff contends that the six-month notice and one-year limitation provisions constitute special legislation and create arbitrary and unreasonable classifications as to claims of minors and, hence, are unconstitutional; and that since section 9—103 of the Tort Immunity Act provides for permissible insurance coverage to protect a local public entity against liability, that in the event the public entity does in fact obtain insurance, then the defenses of the one-year limitation and the six-month notice under sections 8—101 and 8—102 of the Act are waived.

As to the plaintiff's first contention, we recently held in *King v. Johnson (1970), 47 Ill.2d 247,* that the six-month notice requirement of the statute was constitutional in that it did not constitute a special privilege, nor an arbitrary and unreasonable classification. In *King* we acknowledged that the legislature is primarily responsible for determining classifications, and that we will not interfere with the legislative judgment unless it is without rational basis. (47 Ill.2d at 250.) The rationale of *King* is equally applicable to section 8—101, barring a suit if not commenced within one year. The separate classification of public entities for this purpose is proper. Also see: *Erford v. City of Peoria (1907), 229 Ill. 546, 553.*

The fact that the limitations of section 8—101 and 8—102 are not applicable to minors (see: *Haymes v. Catholic Bishop of Chicago (1965), 33 Ill.2d 425, 427-428; Wills v. Metz (1967), 89 Ill.App.2d 334, 336)* does not mean that these sections created arbitrary classifications. It is true that under the wrongful death action, any damages obtained by the administrator are for the benefit of the widow and next of kin, the latter being minors in this case. However, the plaintiff administrator, the party imposed with the burden of bringing the action, is not a minor; and the reasons inherent in removing minors from the scope of the notice and limitation requirements are totally lacking in the wrongful death

action. *(McDonald v. City of Spring Valley (1918), 285 Ill. 52, 55-56.)* We find no basis to hold sections 8—101 and 8—102 of the Tort Immunity Act unconstitutional.

The plaintiff next contends that under section 9—103 of the Tort Immunity Act (Ill.Rev.Stat. 1969, ch. 85, par. 9—103) the "defenses" of the notice requirement and one-year limitation period are waived. Section 9—103 provides: "(a) A local public entity may contract for insurance against any loss or liability which may be imposed upon it under this Act. Such insurance shall be carried with a company authorized by the Department of Insurance to write such coverage in Illinois. The expenditure of funds of the local public entity to purchase such insurance is proper for any local public entity. (b) Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act."

In *Housewright v. City of LaHarpe, 51 Ill.2d 357,* a majority of this court, with Justices Kluczynski, Davis and Ryan not in accord, held that the failure to give notice as provided in section 8—102 is subject to the waiver provision of section 9—103(b). Under the rationale of *Housewright,* the failure to file suit, as provided in section 8—101, is likewise subject to the waiver provision of section 9—103(b).

The confusion with respect to the meaning of section 9—103(b) arises because the section states that the endorsement shall provide that the policy waives the right to refuse payment or deny liability within the policy limits "by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees

and its immunity from suit by reason of the defenses and immunities provided in this Act."

Section 9—103 was introduced in the General Assembly as House Bill No. 1863. It consisted of what is presently section 9—103(a). Thereafter it was amended to include what is now subsection 9—103(b). Thus, the legislative history offers no explanation whatsoever for the present wording of the section. However, if the construction placed upon this section in *Housewright* and herein is not in accord with the legislative intent, it can be promptly remedied by that branch of the government.

For the reasons stated the judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*

MR. JUSTICE KLUCZYNSKI, dissenting.