JENNIFER MILLER BERTOLIS *et al.*, Plaintiffs-Appellees, v.
COMMUNITY UNIT SCHOOL DISTRICT No. 7 *et al.*,
Defendants-Appellants.

Fourth District No. 4—95—1018

Argued June 11, 1996.—Opinion filed October 3, 1996.

STEIGMANN, J., dissenting.

Bryan L. Skelton (argued), of Reed, Armstrong, Gorman, Coffey, Gilbert & Mudge, of Edwardsville, for appellants.

Larry F. Clark (argued), of Law Offices of Larry F. Clark, of Carlinville, for appellees.

JUSTICE GARMAN delivered the opinion of the court:

This is a personal injury action filed against a local public entity by a plaintiff whose cause of action accrued when she was a minor. On appeal, we are asked to determine which of two applicable but conflicting statutes of limitation, contained in section 13—211 of the Code of Civil Procedure (Code) (735 ILCS 5/13—211 (West 1994)) and section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 1994)), governs the action. We conclude the two-year limitation period in section 13—211 of the Code controls and affirm.

Plaintiff Jennifer Bertolis alleges she was injured at Gillespie High School, Gillespie, Illinois, on October 31, 1989. At that time, plaintiff was 15 years of age and a student at Gillespie High School. Plaintiff turned 18 on June 10, 1992. On June 9, 1994, plaintiff filed her complaint in the circuit court of Macoupin County, Illinois, against defendants Community Unit School District No. 7, and the Gillespie, Illinois, Board of Education.

On July 20, 1994, defendants filed a motion to dismiss, citing as one ground for dismissal section 8—101 of the Tort Immunity Act, which establishes a one-year limitation period for actions commenced against local public entities or their employees. 745 ILCS 10/8—101 (West 1994).

On August 11, 1995, the circuit court entered an order denying defendants' motion to dismiss and holding the statute of limitations in the Tort Immunity Act was not applicable to plaintiff. The circuit court certified the above issue for appeal and this court granted defendants' application for leave to appeal pursuant to Supreme Court Rule 308. 155 Ill. 2d R. 308.

The issue presented is whether the statute of limitations governing this action is the one-year limitation period set forth in the Tort Immunity Act (745 ILCS 10/8—101 (West 1994)), or the two-year limitation period found in section 13—211 of the Code (735 ILCS 5/13—211 (West 1994)).

■ Section 13—211 of the Code provides as follows:

"If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13—211 (West 1994).

Section 13—202 of the Code, which is incorporated by reference into section 13—211, sets forth: "Actions for damages for an injury to the person *** shall be commenced within 2 years next after the cause of action accrued ***." 735 ILCS 5/13—202 (West 1994). Plaintiff's lawsuit is an action for damages resulting from personal injury and she was under the age of 18 when her cause of action accrued; thus, the two-year limitation period of section 13—211 is applicable to this action.

■ However, because defendants in this case are local public entities, the provisions of the Tort Immunity Act are also invoked. Section 8—101 of the Tort Immunity Act provides:

"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8—101 (West 1994).

Plaintiff cites a long line of cases wherein courts held limitation periods, such as that found in the Tort Immunity Act, were inapplicable to minors. See *Fanio v. John W. Breslin Co.*, 51 Ill. 2d 366, 282 N.E.2d 443 (1972); *Haymes v. Catholic Bishop*, 33 Ill. 2d 425, 211 N.E.2d 690 (1965); *McDonald v. City of Spring Valley*, 285 Ill. 52, 120 N.E. 476 (1918); *Wills v. Metz*, 89 Ill. App. 2d 334, 231 N.E.2d 628 (1967). Defendants correctly observe, however, that in those cases the courts did not specifically state how long the minors had to file their actions, but merely allowed for the tolling of the relevant limitation periods during the plaintiffs' minorities.

Here, defendants argue the one-year limitation period found in the Tort Immunity Act governs this action. While defendants concede it would have been tolled during plaintiff's minority, they argue that since plaintiff did not file her action until almost two years after turning 18, the claim is time barred. Plaintiff argues the two-year limitation period and tolling provision found in the Code applies to her action and contends, therefore, that her action was timely filed.

Although the Tort Immunity Act clearly establishes a one-year limitation period for actions filed against local public entities, in addition to following the statute of limitations applicable to an action, we must also follow our state's tolling laws. See *Hardin v. Straub*,

490 U.S. 536, 538-43, 104 L. Ed. 2d 582, 588-91, 109 S. Ct. 1998, 2000-03 (1989); *Doe v. Board of Education of Hononegah Community High School District No. 207*, 833 F. Supp. 1366, 1375 (N.D. Ill. 1993) (federal courts required to follow state statutes of limitation and tolling provisions).

 It is the public policy of this state that courts should guard carefully the rights of minors and a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision. *Walgreen Co. v. Industrial Comm'n*, 323 Ill. 194, 197, 153 N.E. 831, 833 (1926). Accordingly, the courts have traditionally given special consideration to the claims of minors. This policy is reflected in the cases cited above and is codified in section 13—211 of the Code.

In its decision excepting minors from the limitation period contained in the statute concerning suits against cities, villages and towns, our supreme court noted in *McDonald*, "[s]tatutes general in their terms are frequently construed to contain exceptions, when considered in connection with well known rules of law, without the courts being subjected to the criticism of having entered the legislative field." *McDonald*, 285 Ill. at 54, 120 N.E. at 477; see also *Walgreen*, 323 Ill. at 196, 153 N.E. at 832.

On the other hand, courts have been reluctant to imply exceptions to statutes of limitation where the legislature has statutorily created a right to sue not existing at common law. See *Shelton v. Woolsey*, 20 Ill. App. 2d 401, 403-04, 156 N.E.2d 241, 242 (1959); but see *Wilbon v. D.F. Bast Co.*, 73 Ill. 2d 58, 382 N.E.2d 784 (1978); *Girman v. County of Cook*, 103 Ill. App. 3d 897, 431 N.E.2d 1291 (1981). In cases where the limitation period set forth in the general limitations act has conflicted with the limitation period contained in a statute creating the cause of action, courts have determined the statutes are not in *pari materia* and have applied the limitation period found in the statute creating the cause of action. See *Shelton*, 20 Ill. App. 2d at 404, 156 N.E.2d at 242 (comparing the general (Ill. Rev. Stat. 1955, ch. 83, pars. 13, 15, 22) with that in the amended Dramshop Act (Ill. Rev. Stat. 1955, ch. 43, par. 135)); see also *Serafini v. Chicago Transit Authority*, 74 Ill. App. 3d 738, 393 N.E.2d 1120 (1979).

Defendants urge this court to follow the approach taken in *Serafini*. There, the plaintiff was injured as a minor due to the alleged negligence of the Chicago Transit Authority (CTA). He filed his action approximately two years after the date of injury and 17 months after attaining the age of majority. Section 41 of the Metropolitan Transit Authority Act (Transit Authority Act) (Ill. Rev. Stat. 1977, ch. 111²/₃, par. 341) governed actions against the CTA and

contained a one-year limitation period. Section 21 of the limitations act then in effect permitted minors to file actions two years after attaining the age of majority (Ill. Rev. Stat. 1977, ch. 83, par. 22), yet section 12 of the limitations act provided "[t]he following actions [including those brought by minors] can only be commenced within the periods hereinafter prescribed, *except when a different limitation is prescribed by statute.*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 83, par. 13. Based on this language, the court determined the one-year limitation period in section 41 of the Transit Authority Act controlled, but acknowledged the policy considerations pertinent to actions by minors. The court held a minor injured as a result of the negligence of the CTA had one year from the date of injury *or* from the date of attaining majority, whichever was later, to file his action. Thus, the court applied the one-year limitation period in section 41 of the Transit Authority Act but provided for the tolling of that period during the plaintiff's minority.

*Serafini* is distinguishable from the present case in two respects. First, there the court acknowledged the statutory nature of the CTA and of causes of action against that entity, which necessarily limited its authority to "engraft an exception in favor of minors" onto the statute. *Serafini*, 74 Ill. App. 3d at 740-41, 393 N.E.2d at 1123. The Tort Immunity Act does not statutorily create a cause of action and its limitation period is not an element of plaintiff's cause of action. See *Carlson v. Village of Glen Ellyn*, 21 Ill. App. 2d 335, 342, 158 N.E.2d 225, 228 (1959). Second, unlike the limitations act in effect when *Serafini* was decided, the Code does not contain language indicating the two-year limitation period in section 13—211 can be supplanted if in conflict with the limitation period of another applicable statute.

■ The Tort Immunity Act was enacted to lessen the exposure of local governmental entities to actions already existing under the common law and, therefore, must be strictly construed against public defendants. *Reynolds v. City of Tuscola*, 48 Ill. 2d 339, 342, 270 N.E.2d 415, 417 (1971); see also *Luker v. Nelson*, 341 F. Supp. 111, 118 (N.D. Ill. 1972).

Here, the circuit court found section 13—211 of the Code controlling and ruled plaintiff's complaint was not time-barred by the one-year limitation period in the Tort Immunity Act, citing *Halper v. Vayo*, 210 Ill. App. 3d 81, 568 N.E.2d 914 (1991), in support of its conclusion.

In *Halper*, a high school student filed an action for damages resulting from personal injuries against his school's wrestling coach 22 months after he was injured, but less than two years after attain-

ing the age of majority. The circuit court dismissed the complaint on the basis it was barred by section 8—101 of the Tort Immunity Act. On appeal, the appellate court reversed, noting special limitation provisions had only previously been held applicable to minors when they had been part of a statutory cause of action. *Halper*, 210 Ill. App. 3d at 85-86, 568 N.E.2d at 917. The court determined the limitation provision in section 8—101 is a general provision for suits against local entities and their employees and is not part of a statutory cause of action.

The *Halper* court suggested, as does plaintiff here, that in enacting section 13—211 of the Code, the legislature intended to give minors a two-year period after reaching the age of majority for filing actions, even when a plaintiff whose similar cause of action accrued when he was an adult would face a one-year limitation period. *Halper*, 210 Ill. App. 3d at 87, 568 N.E.2d at 918. To illustrate, the court noted section 13—201 of the Code, which establishes a one-year limitation period for defamation actions, is encompassed by section 13—211, which extends the period for filing defamation actions to two years for minors. *Halper*, 210 Ill. App. 3d at 87, 568 N.E.2d at 918.

Although the policy reasons behind affording individuals injured as minors an additional year to commence their actions once the disability of minority no longer exists are not apparent, we cannot ignore the clear exception the legislature has created for minors. The legislature did not limit or qualify the applicability of section 13—211 of the Code to other statutes. We note other limitation provisions in the Code contain explicit language limiting their application to other statutes. See 735 ILCS 5/13—205, 13—206 (West 1994).

Also notable, when the legislature incorporated the limitations act into the Code in 1982, the qualifying language in section 12 of the limitations act was removed. See Ill. Rev. Stat. 1977, ch. 83, par. 13; Ill. Rev. Stat. 1981, ch. 110, par. 13—211. Since then, courts have had to alter their analyses in resolving conflicts between that statute and those creating different limitation periods.

One approach courts use when more than one statute of limitations is relevant to a given action is to determine which statute is *more specifically* applicable. In a case cited by plaintiffs, *Cleaver v. Marrese*, 253 Ill. App. 3d 778, 625 N.E.2d 1129 (1993), the plaintiff commenced a medical malpractice action against a township hospital and two applicable but conflicting statutes of limitation existed: section 8—101 of the Tort Immunity Act and section 13—212 of the Code (735 ILCS 5/13—212 (West 1992)) (containing the limitation period for medical malpractice actions). The *Cleaver* court referred to

the established principle that where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail. *Cleaver*, 253 Ill. App. 3d at 780, 625 N.E.2d at 1131, citing *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195, 595 N.E.2d 561, 563 (1992).

Applying this rule, the *Cleaver* court analyzed the language of the statutes, prior cases involving either statute, and the nature of the underlying action and concluded the limitation period of the Tort Immunity Act was general, dealing with many potential types of cases, whereas section 13—212 of the Code applied to actions against physicians and hospitals arising out of patient care, and was the more specific statute. Accordingly, the court held section 13—212 of the Code governed the action.

■ This approach is in accord with that generally taken by Illinois courts; in deciding which limitation period applies to a given action, courts look to the nature of the damage or type of injury sustained. *Schreiber v. Eastern Airlines, Inc.*, 38 Ill. App. 3d 556, 558, 348 N.E.2d 218, 219 (1976); see also *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162, 317 N.E.2d 505, 507 (1974); *Sullivan v. Cheshier*, 846 F. Supp. 654, 659 (N.D. Ill. 1994).

The *Cleaver* court cited *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 610 N.E.2d 709 (1993), where the limitation period in section 8—101 of the Tort Immunity Act was in conflict with section 13—214(a) of the Code, addressing actions filed against any "body politic" in tort or contract for an act or omission in the construction of an improvement to real property. Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a). Although in *Zimmer* the court found neither statute could be considered "general," it determined section 13—214 of the Code was more specifically applicable to the action and constituted a limited exception to section 8—101 of the Tort Immunity Act. *Zimmer*, 242 Ill. App. 3d at 442, 610 N.E.2d at 713. The court found it significant that section 13—214 of the Code was enacted after section 8—101 of the Tort Immunity Act and concluded that, in section 13—214, the legislature intended to create an exception to the previously enacted statute. *Zimmer*, 242 Ill. App. 3d at 443, 610 N.E.2d at 713; see also *Bowes v. City of Chicago*, 3 Ill. 2d 175, 205, 120 N.E.2d 15, 31 (1954).

■ Here, defendants argue section 13—211 of the Code is a general statute, whereas section 8—101 of the Tort Immunity Act is a specific statute and should prevail. Although we agree with the *Zimmer* court's statement that section 8—101 is not a general statute, we conclude section 13—211 of the Code is more specifically related to

the present action. Section 13—211 addresses not only a specific class of plaintiffs, but also the nature of the injury (by incorporating section 13—202); in contrast, section 8—101 of the Tort Immunity Act applies only to a given group of defendants and could encompass *any* type of civil action brought by any plaintiff.

Additionally, section 8—101 of the Tort Immunity Act was enacted in 1965 (Ill. Rev. Stat. 1965, ch. 85, par. 8—101), whereas the limitation provisions of the Code were adopted in 1982, absent the qualifying language previously contained in the limitations act. Pub. Act 82—280, art. XIII, § 13—211, eff. July 1, 1982 (1981 Ill. Laws 1381, 1588); see Ill. Rev. Stat. 1981, ch. 83, par. 13; Ill. Rev. Stat. 1983, ch. 110, par. 13—211. The timing of the enactments indicates the legislature intended section 13—211 to create a limited exception to the limitation provisions in existing legislation with respect to minors. See *Bowes*, 3 Ill. 2d at 205, 120 N.E.2d at 31; *Zimmer*, 242 Ill. App. 3d at 442-43, 610 N.E.2d at 713.

Section 8—101 of the Tort Immunity Act does not address the claims of those without capacity to sue, such as minors, whereas the Code very specifically addresses the tolling of limitation periods for minors. Because the limiting provisions of the Tort Immunity Act are to be strictly construed against public defendants and the public policy of this state has long favored preserving the meritorious claims of minors, we hold the limitation period of section 13—211 of the Code governs this action. The trial court correctly denied defendants' motion to dismiss. We affirm.

Affirmed.

McCULLOUGH, J., concurs.

JUSTICE STEIGMANN, dissenting:

Although the majority has well stated the issue in this case and provided a learned discussion of the applicable case law, I nonetheless disagree with the decision reached and respectfully dissent. In my judgment, the *sole* purpose of section 13—211 of the Code—which permits a minor to sue within two years after reaching the age of 18 years—is to ensure that a minor's legal interest is protected until he or she has reached the age of majority, at which point the new adult can look after his or her own interests, as every other adult is expected to do. In other words, by enacting section 13—211 of the Code, the legislature intended to place minors in the same position they would have been in if their legal disability—being underage—did not exist.

Under the majority's interpretation, however, section 13—211 of the Code places minors in a *better* position than adults under the statute of limitations, rather than merely removing their legal disability. To be specific, had plaintiff here been 18 years and one week old when the accident occurred at Gillespie High School, no one disputes that section 8—101 of the Tort Immunity Act would have required her to bring her lawsuit within one year from the date of her injury. Under the majority's interpretation, however, if plaintiff had been one week short of her eighteenth birthday when the accident occurred at the high school, section 13—211 of the Code totally trumps section 8—101 of the Tort Immunity Act, giving plaintiff *two* years from the date she turns 18 years of age in which to bring her cause of action.

The legislature could not have intended this result. It is simply inconsistent with the underlying purpose of section 13—211 of the Code, which is to place minors in the *same position* they would be in if the legal disability did not exist with regard to their ability to file suit.

As expressed in the first full sentence in the last paragraph on page 8 of the slip opinion, the majority candidly concedes that the policy reasons which justify placing a minor in a better position under the statute of limitations "are not apparent." 283 Ill. App. 3d at 879. Nevertheless, the majority apparently believes that other tools of statutory interpretation require the conclusion it has reached. I disagree. The fundamental rule of statutory interpretation, to which all other rules are subordinate, is to give effect to what the legislature intended the statute to achieve. Because I am convinced that the legislature never intended to achieve the result the majority reaches—that of placing a minor in a better position under the statute of limitations than her adult counterpart—I am unwilling to join.

As a last matter, the majority's statement that "courts have traditionally given special consideration to the claims of minors" (283 Ill. App. 3d at 877) seems to be an offshoot of the so-called "*Muscarello* doctrine," which stands for the proposition that a court has a duty to see that the rights of an infant are adequately protected, and is bound to notice substantial irregularities even though objections are not properly presented. *Muscarello v. Peterson*, 20 Ill. 2d 548, 170 N.E.2d 564 (1960).

In *Cogan v. KAL Leasing, Inc.*, 190 Ill. App. 3d 145, 152, 546 N.E.2d 20, 24 (1989), this court held that the "*Muscarello* doctrine has continuing validity only in circumstances suggesting either fraud, violation of a fiduciary interest, or ineffective assistance of counsel." We also added the following:

"We conclude that the *Muscarello* doctrine should be explicitly limited because its unlimited utilization is inconsistent with the rules of evidence and procedure normally applicable to a civil trial. One of the most fundamental rules of procedure is the obligation of the courts to provide neutral judges and juries. Accordingly, we should be very hesitant about permitting, much less requiring, a judge to abandon the judge's role of neutrality, no matter how worthy the goal.

Society has changed considerably since the early 19th century, and procedures are now available to ensure that the rights and interests of minors and incompetents are well protected. The best way for a court to fulfill its duty to protect these rights and interests is to appoint guardians for the minor or incompetent." *Cogan*, 190 Ill. App. 3d at 153, 546 N.E.2d at 25.

This court's analysis in *Cogan* of the *Muscarello* doctrine should apply equally to the 1926 *Walgreen* case that the majority cites (283 Ill. App. 3d at 877), suggesting that somehow minors—simply because they are minors—are entitled to better treatment than other civil litigants.