PAUL C. HALPER, III, Plaintiff-Appellant, v. JOHN VAYO, Defendant-Appellee (Paul Vogel, Defendant).

Second District No. 2—90—0410

Opinion filed March 5, 1991.

Maureen P. McIntyre, of Henehan & McIntyre, of Cary, for appellant.

David J. Bressler and Kenneth W. Fewkes, both of Rooks, Pitts & Poust, of Wheaton, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Paul Halper, appeals from the dismissal of his complaint against defendant, John Vayo, and the trial court's denial of leave to file an amended complaint. The issues on appeal are: (1) whether the one-year limitation provision in the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1989, ch. 85, par. 8—101) applies to minors, and (2) whether Vayo was immune

from liability under section 3—109 of the Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—109) and a certain provision of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 24—24). We affirm in part, reverse in part, and remand.

Halper filed his initial complaint against Vayo and defendant Paul Vogel, who is not a party to this appeal, in the circuit court of McHenry County on October 21, 1988. Count I of the complaint was directed against Vayo. In count I, Halper alleged that, while participating in a wrestling practice at Richmond Burton Community High School on December 19, 1986, he suffered a leg injury. Halper further alleged that Vayo "undertook a medical assessment and treatment" of his injured leg and then had Halper wrestle against Vogel, who was a champion collegiate wrestler. By negligently treating Halper's original injury, failing to have Halper get proper medical treatment for the injury, and allowing him to wrestle with Vogel afterwards, Vayo caused him to suffer further injury to the leg. Count II of the complaint contained allegations of negligence against Vogel.

Vayo filed a motion to dismiss count I of the complaint which the trial court granted on the basis that it was barred by the one-year statute of limitations set forth in section 8—101 of the Act (Ill. Rev. Stat. 1989, ch. 85, par. 8—101). Halper then filed a motion to reconsider or, in the alternative, for leave to file an amended complaint. In the proposed amended complaint, Halper added a count which alleged wilful and wanton misconduct on the part of Vayo. This count contained the factual allegations that were present in count I of the original complaint, along with some additional allegations.

In this count, which was count II of the amended complaint, Halper alleged that the injury was to one of his knees. After he injured the knee, Vayo pulled his leg and manipulated the knee. Vayo then had Halper wrestle against Vogel, a champion collegiate wrestler. Because of Vayo's actions, Halper suffered further injury to the knee and was forced to undergo surgery for meniscus and ligament damage. According to the allegations of count II, Richmond Burton Community High School had a written statement of athletic department policies. Vayo violated these policies on the date in question in the following ways: (1) by making and acting upon medical judgments; (2) failing to contact Halper's parents; (3) failing to contact the Richmond rescue squad; and (4) failing to report the injury to the school nurse. Halper also alleged in count II that Vayo violated school and Illinois High School Association (IHSA) policies concerning participant eligibility by allowing Vogel, a college student, to wrestle with him.

In count I of the amended complaint, Halper restated the negligence allegations against Vayo contained in count I of the original complaint. Count III of the amended complaint was directed against Vogel. The trial court denied Halper's motion to reconsider and motion for leave to file an amended complaint, ruling that, since the complaint was barred by the statute of limitations, no amendment could cure the defect. Halper voluntarily dismissed the count against Vogel the same day the above motion was denied. Halper now appeals.

Section 8—101 of the Act states in relevant part as follows:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." (Ill. Rev. Stat. 1989, ch. 85, par. 8—101.)

Halper filed his lawsuit approximately 22 months after the date he was injured. He argues on appeal, however, that his complaint was timely filed because section 13—211 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—211) applies in the case at bar. That provision states:

> "If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, (i) is under the age of 18 years, *** then he or she may bring the action within 2 years after (i) the person attains the age of 18 years ***." (Ill. Rev. Stat. 1989, ch. 110, par. 13—211.)

It is undisputed that Halper was under the age of 18 years at the time he was injured.

■■ In support of his argument that the one-year statute of limitations set forth in section 8—101 of the Act applies to minors, Vayo relies upon our supreme court's decision in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1. In *Demchuk*, the court held that the one-year limitation in the Dramshop Act (Ill. Rev. Stat. 1989, ch. 43, par. 135) applies to minors (*Demchuk*, 92 Ill. 2d at 9), thus adhering to its prior decision in *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280. In both cases, the courts relied largely upon the rule that a limitation provision in a purely statutory cause of action is a condition precedent to bringing suit and thereby operates as a limitation upon the liability itself and not merely the remedy. *Demchuk*, 92 Ill. 2d at 6-7; *Lowrey*, 20 Ill. 2d at 283-84.

■■ The case at bar is distinguishable in the above respect from *Demchuk* and *Lowrey* because the limitation period in section 8—101

of the Act is not part of a statutory cause of action. Instead, section 8—101 is a general limitation provision for suits against local entities and their employees. In *Searcy v. Chicago Transit Authority* (1986), 146 Ill. App. 3d 779, the court considered section 41 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1989, ch. 111 2/3, par. 341), which contains a limitation provision with language very similar to that of section 8—101. The court stated that the one-year filing requirement in section 41 "is not a condition precedent to the right to bring suit, but is a limitation provision which can be waived." (*Searcy*, 146 Ill. App. 3d at 783.) The same is true with regard to section 8—101 of the Act. Therefore, *Demchuk* and *Lowrey* are not controlling in this case.

■ Our supreme court considered the constitutionality of sections 8—101 and 8—102 of the Act in *Fanio v. John W. Breslin Co.* (1972), 51 Ill. 2d 366. (Section 8—102, since repealed, required individuals intending to sue a local entity to give the entity notice within six months of the date of injury.) In that case, the court stated "[t]he fact that the limitations of section 8—101 and 8—102 are not applicable to minors [citations] does not mean that these sections created arbitrary classifications." (*Fanio*, 51 Ill. 2d at 368.) Although the above statement from *Fanio* is *dictum*, it is consistent with numerous Illinois cases in which statutes of limitation and notice provisions have been construed so as to preserve a minor's right to a day in court and to avoid leaving minors with meritorious causes of action to the whims of self-constituted next friends for enforcement of their rights. See *Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 73; *Haymes v. Catholic Bishop* (1965), 33 Ill. 2d 425, 428; *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 56; *Dachs v. Louis A. Weiss Memorial Hospital* (1987), 156 Ill. App. 3d 465, 469.

■ Our supreme court has stated " 'that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision.' " (*Wilbon*, 73 Ill. 2d at 73, quoting *Walgreen Co. v. Industrial Comm'n* (1926), 323 Ill. 194, 197.) Thus, limitation provisions have only been held applicable to minors when they have been part of a statutory cause of action. We therefore conclude, as our supreme court stated in *Fanio*, that the limitation provision in section 8—101 of the Act does not apply to minors.

■ Our conclusion is further bolstered by the language of section 13—211 of the Code, which demonstrates the applicability of that provision. Section 13—211 states that, if an individual "entitled to bring an action, specified in Sections 13—201 through 13—210" of the Code

is under 18 when the cause of action accrues, that person may file suit within two years after attaining the age of 18 years. (Ill. Rev. Stat. 1989, ch. 110, par. 13—211.) Halper's lawsuit is an action for damages resulting from personal injury as specified in section 13—202 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—202), and he was under the age of 18 at the time he was injured. Section 13—211 is therefore applicable, and Halper's complaint was not barred by the statute of limitations.

In so holding, we are cognizant of the decision of the Appellate Court for the First District in *Serafini v. Chicago Transit Authority* (1979), 74 Ill. App. 3d 738. In *Serafini*, the court considered the applicability of the one-year limitation period in the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 341) to minors. The court held that minors would have one year from the date of attaining the age of 18 to file suit against the Chicago Transit Authority, even though section 21 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22), the predecessor to section 13—211 of the Code, provided that minors could file actions within two years after turning 18. *Serafini*, 74 Ill. App. 3d at 741.

■ Vayo urges this court at the very least to follow the *Serafini* rationale and conclude that Halper had only one year after turning 18 to file suit against Vayo. Although Halper filed suit before he turned 20, he did not do so before he turned 19. We decline to do so because this would conflict with the express language of section 13—211, which provides a two-year period for filing after the minor turns 18 for all actions specified in sections 13—201 through 13—210 of the Act. This includes defamation actions, even though the ordinary limitation period for such actions is one year (see Ill. Rev. Stat. 1989, ch. 110, par. 13—201). Thus, it is apparent that the legislature intended to give minors a two-year period for filing actions after they reach the age of 18, even if the ordinary limitation period for that action is one year as in the case at bar. We therefore decline to follow *Serafini*.

■ Vayo also contends that the dismissal order should be upheld because he is immune from liability with regard to the allegations of the complaint and amended complaint under section 24—24 of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 24—24). That provision states in part as follows:

> "In all matters relating to the discipline in and conduct of the schools and the school children, [teachers and other certified educational employees] stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all ath-

letic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Ill. Rev. Stat. 1989, ch. 122, par. 24—24.)

This provision was intended to confer *in loco parentis* status upon teachers with regard to all activities connected with the school program, in disciplinary and nondisciplinary matters. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 171-72.) This status confers upon teachers immunity from liability for negligence with regard to such matters, but not for wilful and wanton misconduct. *Kobylanski*, 63 Ill. 2d at 173.

■ Halper argues that under our supreme court's holding in *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, section 24—24 of the School Code does not apply and Vayo is not immune from liability for his alleged negligent acts. In *O'Brien*, the plaintiff had an abrasion on his knee suffered in an activity not related to school. He went to a high school football practice the next day and the injury began to bleed. Eventually, a boil developed. Plaintiff alleged that the football coach had an assistant trainer open the boil, clean it, and rebandage the area, resulting in injury to him.

In holding that the football coach was not immune from liability for negligence for the conduct alleged in the complaint, our supreme court stated as follows:

> "[A]lthough the *in loco parentis* status of teachers is not restricted to disciplinary matters, its application is limited to activities connected with the school program. The complaint herein alleges that defendants directed an incompetent and untrained student to provide medical and surgical treatment to plaintiff. We do not view such alleged actions to be within the category of activities connected with the school program. The injury which originally caused the condition in plaintiff's knee did not arise from any school-related activity. Furthermore, none of the defendants, according to the complaint, had the competence or training to administer medical treatment to plaintiff's leg. *** Teachers are not privileged to do everything that a parent may do. Any decision as to the necessity of medical treatment, at least of the type alleged to have been administered here, was for the plaintiff's parents, rather than his teachers, to make in the first instance." *O'Brien*, 83 Ill. 2d at 467-68.

Halper argues that, under *O'Brien*, teachers are not permitted to make any decisions regarding medical treatment for students; therefore, Vayo enjoyed no immunity under the School Code when he ren-

dered such treatment to him. *O'Brien*, however is distinguishable from the case at bar. In *O'Brien*, as noted above, the court stated that plaintiff's parents were the proper persons to make decisions concerning the necessity of medical treatment for him "at least of the type alleged to have been administered here." (83 Ill. 2d at 467.) The treatment alleged to have been administered in *O'Brien* was a form of surgery. Moreover, this surgical intervention was provided for an injury which had occurred several days earlier during an activity that was not school related, and there was no apparent emergency requiring immediate treatment. *O'Brien* stands for the proposition that, under such circumstances, teachers may not usurp the decision-making authority of parents in a matter as fundamental as a child's medical care. It should not be read as barring teachers from administering first aid to students under any circumstances.

In the case at bar, unlike *O'Brien*, Vayo is alleged to have treated an injury suffered by Halper in a school activity, and he allegedly treated Halper immediately after the injury occurred. As the three partial dissenters recognized in *O'Brien*:

"Every athletic and physical education department has its supplies and equipment necessary for administering first aid. Every coach and physical education teacher is called upon to treat minor injuries and ailments. Certainly, in doing so they are within the protection of the statute granting them immunity for acts of ordinary negligence." 83 Ill. 2d at 473 (Ryan, J., concurring in part and dissenting in part).

Because of the unavailability of doctors at the scene of many school athletic injuries, school coaches and trainers are expected to provide initial first aid for both minor and serious injuries. This might include wrapping a sprained ankle in an ace bandage or splinting and applying ice to a fracture. Due to the frequency of athletic injuries, providing initial treatment for such injuries is an inherent part of a school athletic or physical education program, and it is one that must often be performed by coaches. We therefore conclude that under the facts alleged in this case, the immunity provided by section 24—24 of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 24—24) from liability for ordinary negligence is applicable.

Since count I of the original complaint alleged that Vayo was negligent, and we have ruled he was immune from liability for negligence, that count was properly dismissed. We need not consider whether Vayo was also immune under section 3—109 of the Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—109), which provides immunity to public employees who assist participants in hazardous recreational activi-

ties. This immunity does not apply to wilful and wanton conduct. See Ill. Rev. Stat. 1989, ch. 85, par. 3—109(c)(2).

■■ Halper sought leave to amend his original complaint to add a count alleging wilful and wanton conduct on the part of Vayo. While the trial court's decision on a motion for leave to amend will not be reversed absent an abuse of discretion, such a motion should be granted unless it is apparent that no cause of action can be stated even after amendment. (*Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 381.) The trial court denied leave to amend on the basis that the complaint was barred by the statute of limitations, and no amendment could cure this defect.

■■ We have ruled, however, that Halper's complaint was filed within the applicable limitations period; therefore, leave to amend should not have been denied on the above basis. Vayo argues that, even under these circumstances, the denial of leave to amend was proper because the amended complaint fails to state a cause of action. The trial court's judgment may be sustained by a reviewing court on the basis of any ground warranted by the record even if the trial court did not rely upon that ground. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) Since count I of the amended complaint alleges that Vayo was negligent, and we have determined he was immune from liability for negligence, leave to file count I of the amended complaint was properly denied.

■■ Count II of the amended complaint alleges wilful and wanton conduct, and Vayo is not immune from liability for such conduct. Vayo argues, however, that the factual allegations of the count are not sufficient to state a cause of action for wilful and wanton conduct. To plead a cause of action for wilful and wanton conduct, a plaintiff must allege that the defendant either intentionally injured plaintiff or acted in reckless disregard for his or her safety. (*Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 190.) The mere conclusional allegation that defendant's actions were wilful and wanton is not sufficient; it must be supported by factual allegations. *Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 97.

■■ ■ The proposed amended complaint contains no allegations that Vayo intentionally tried to injure Halper. We must therefore decide whether count II adequately alleges that Vayo acted in reckless disregard for Halper's safety. We conclude that it does.

The case at bar is distinguishable from *Gara v. Lomonaco* (1990), 199 Ill. App. 3d 633, which is cited by Vayo. In *Gara*, the plaintiff, a young girl, injured her ankle while jazz dancing in physical education

class. In count I of her complaint, she alleged that defendants were negligent for failing to permit her to see the school nurse, or to call her parents so they could decide whether she needed medical care for the ankle, which turned out to be fractured. The court held that this count was properly dismissed because defendants were immune from liability for negligence under section 24—24 of the School Code. (*Gara*, 199 Ill. App. 3d at 638.) The court also held that a count alleging wilful and wanton conduct because defendants allowed plaintiff to dance on mats that were not taped down was properly dismissed since this did not rise to the level of wilful and wanton conduct. 199 Ill. App. 3d at 639-40.

In the present case, the amended complaint alleged more serious misconduct than plaintiff alleged in *Gara.* Halper alleged not only that Vayo failed to contact his parents or the rescue squad after the initial injury so he could receive proper medical treatment; Vayo also performed other acts which resulted in further injury to the knee. These acts included pulling on Halper's leg and manipulating his knee in an attempt to treat the injury.

The vulnerability of the knee to injury in athletics is well known as knee injuries are all too common in sporting events. Such injuries are often among the most serious and debilitating injuries suffered in athletics. It is readily apparent that great caution should be shown in treating such injuries. Because of the substantial risks involved, we believe it can be reckless for an individual with no medical training to pull on the leg of a person with a knee injury and attempt to manipulate the knee assuming no exigency exists which necessitates such treatment. These actions go well beyond the provision of routine first aid which would be within the realm of an experienced coach's expertise. Count II of the amended complaint not only alleges such conduct; it further alleges that Vayo then directed Halper to wrestle against a far more skilled and experienced wrestler who was a collegiate champion, exposing him to a risk of further injury. After Halper did suffer additional injury, Vayo still failed to secure proper medical treatment for him by calling the local rescue squad or Halper's parents.

The above-alleged actions, if true and not mitigated by other circumstances, would constitute a reckless course of conduct which needlessly exposed Halper to the risk of further injury and, according to count II, did result in further injury. We therefore conclude that count II states a cause of action for wilful and wanton conduct. The trial court abused its discretion by failing to permit Halper to file an amended complaint containing the allegations contained in count II, and it shall do so upon remand. The trial court correctly refused to

permit Halper to file count I of the amended complaint since Vayo is immune from liability for ordinary negligence.

For the above reasons, the judgment of the circuit court of McHenry County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part; reversed in part and remanded.

REINHARD, P.J., and BOWMAN, J., concur.