NO. 4-95-1018

                         IN THE APPELLATE COURT

                                    

                               OF ILLINOIS

                                    

                             FOURTH DISTRICT

JENNIFER MILLER BERTOLIS and DEBORAH    ) Appeal from the

BERGMAN,                                ) Circuit Court of

          Plaintiffs-Appellees,         ) Macoupin County

          v.                            ) No. 94L31

COMMUNITY UNIT SCHOOL DISTRICT NO. 7,   )

GILLESPIE, ILLINOIS and THE GILLESPIE,  )

ILLINOIS BOARD OF EDUCATION, as the     )

governing authority of Gillespie,       )

Illinois Community Unit School District ) Honorable

No. 7,                                  ) Thomas P. Carmody,

          Defendants-Appellants.        ) Judge Presiding.

________________________________________________________________

          JUSTICE GARMAN delivered the opinion of the court:

          This is a personal injury action filed against a local

public entity by a plaintiff whose cause of action accrued when

she was a minor.  On appeal, we are asked to determine which of

two applicable but conflicting statutes of limitation, contained

in section 13-211 of the Code of Civil Procedure (Code) (735 ILCS

5/13-211 (West 1994)) and section 8-101 of the Local Governmental

and Governmental Employees Tort Immunity Act (Tort Immunity Act)

(745 ILCS 10/8-101 (West 1994)), governs the action.  We conclude

the two-year limitation period in section 13-211 of the Code

controls and affirm.

          Plaintiff Jennifer Bertolis alleges she was injured at

Gillespie High School, Gillespie, Illinois, on October 31, 1989. 

At that time, plaintiff was 15 years of age and a student at

Gillespie High School.  Plaintiff turned 18 on June 10, 1992.  On

June 9, 1994, plaintiff filed her complaint in the circuit court

of Macoupin County, Illinois, against defendants Community Unit

School District No. 7, and the Gillespie, Illinois, Board of Edu-

cation.  

          On July 20, 1994, defendants filed a motion to dismiss,

citing as one ground for dismissal section 8-101 of the Tort

Immunity Act, which establishes a one-year limitation period for

actions commenced against local public entities or their employ-

ees.  745 ILCS 10/8-101 (West 1994).    

          On August 11, 1995, the circuit court entered an order

denying defendants' motion to dismiss and holding the statute of

limitations in the Tort Immunity Act was not applicable to plain-

tiff.  The circuit court certified the above issue for appeal and

this court granted defendants' application for leave to appeal

pursuant to Supreme Court Rule 308.  155 Ill. 2d R. 308.

          The issue presented is whether the statute of limita-

tions governing this action is the one-year limitation period set

forth in the Tort Immunity Act (745 ILCS 10/8-101 (West 1994)),

or the two-year limitation period found in section 13-211 of the

Code (735 ILCS 5/13-211 (West 1994)). 

          Section 13-211 of the Code provides as follows:

               "If the person entitled to bring an ac-

          tion, specified in Sections 13-201 through

          13-210 of this Act, at the time the cause of

          action accrued, is under the age of 18 years,

          or is under a legal disability, then he or

          she may bring the action within 2 years after

          the person attains the age of 18 years, or

          the disability is removed."  735 ILCS 5/13-

          211 (West 1994).

Section 13-202 of the Code, which is incorporated by reference

into section 13-211, sets forth:  "Actions for damages for an

injury to the person[] *** shall be commenced within 2 years next

after the cause of action accrued ***."   735 ILCS 5/13-202 (West

1994).  Plaintiff's lawsuit is an action for damages resulting

from personal injury and she was under the age of 18 when her

cause of action accrued; thus, the two-year limitation period of

section 13-211 is applicable to this action.

          However, because defendants in this case are local

public entities, the provisions of the Tort Immunity Act are also

invoked.  Section 8-101 of the Tort Immunity Act provides:

               "No civil action may be commenced in any

          court against a local entity or any of its

          employees for any injury unless it is com-

          menced within one year from the date that the

          injury was received or the cause of action

          accrued."  745 ILCS 10/8-101 (West 1994).

          Plaintiff cites a long line of cases wherein courts

held limitation periods, such as that found in the Tort Immunity

Act, were inapplicable to minors.  See Fanio v. John W. Breslin

Co., 51 Ill. 2d 366, 282 N.E.2d 443 (1972); Haymes v. Catholic

Bishop, 33 Ill. 2d 425, 211 N.E.2d 690 (1965); McDonald v. City

of Spring Valley, 285 Ill. 52, 120 N.E. 476 (1918); Wills v.

Metz, 89 Ill. App. 2d 334, 231 N.E.2d 628 (1967).  Defendants

correctly observe, however, that in those cases the courts did

not specifically state how long the minors had to file their

actions, but merely allowed for the tolling of the relevant limi-

tation periods during the plaintiffs' minorities.  

          Here, defendants argue the one-year limitation period

found in the Tort Immunity Act governs this action.  While de-

fendants concede it would have been tolled during plaintiff's mi-

nority, they argue that since plaintiff did not file her action

until almost two years after turning 18, the claim is time

barred.  Plaintiff argues the two-year limitation period and

tolling provision found in the Code applies to her action and

contends, therefore, that her action was timely filed.

          Although the Tort Immunity Act clearly establishes a

one-year limitation period for actions filed against local public

entities, in addition to following the statute of limitations ap-

plicable to an action, we must also follow our state's tolling

laws.  See Hardin v. Straub, 490 U.S. 536, 538-43, 104 L. Ed. 2d

582, 588-91, 109 S. Ct. 1998, 2000-03 (1989); Doe v. Board of

Education of Hononegah Community High School District #207, 833

F. Supp. 1366, 1375 (N.D. Ill. 1993) (federal courts required to

follow state statutes of limitation and tolling provisions).  

          It is the public policy of this state that courts

should guard carefully the rights of minors and a minor should

not be precluded from enforcing his rights unless clearly de-

barred from so doing by some statute or constitutional provision. 

Walgreen Co. v. Industrial Comm'n, 323 Ill. 194, 197, 153 N.E.

831, 833 (1926).  Accordingly, the courts have traditionally

given special consideration to the claims of minors.  This policy

is reflected in the cases cited above and is codified in section

13-211 of the Code.

          In its decision excepting minors from the limitation

period contained in the statute concerning suits against cities,

villages and towns, our supreme court noted in McDonald,

"[s]tatutes general in their terms are frequently construed to

contain exceptions, when considered in connection with well known

rules of law, without the courts being subjected to the criticism

of having entered the legislative field."  McDonald, 285 Ill. at

53, 120 N.E. at 477; see also Walgreen, 323 Ill. at 196, 153 N.E.

at 832.  

          On the other hand, courts have been reluctant to imply

exceptions to statutes of limitation where the legislature has

statutorily created a right to sue not existing at common law. 

See Shelton v. Woolsey, 20 Ill. App. 2d 401, 403-04, 156 N.E.2d

241, 242 (1959); but see Wilbon v. D.F. Bast Co., 73 Ill. 2d 58,

382 N.E.2d 784 (1978); Girman v. County of Cook, 103 Ill. App. 3d

897, 431 N.E.2d 1291 (1981).  In cases where the limitation peri-

od set forth in the general limitations act has conflicted with

the limitation period contained in a statute creating the cause

of action, courts have determined the statutes are not in pari

materia and have applied the limitation period found in the stat-

ute creating the cause of action.  See Shelton, 20 Ill. App. 2d

at 404, 156 N.E.2d at 242 (comparing the general (Ill. Rev. Stat.

1955, ch. 83, pars. 13, 15, 22) with that in the amended Dramshop

Act (Ill. Rev. Stat. 1955, ch. 43, par. 135)); see also Serafini

v. Chicago Transit Authority, 74 Ill. App. 3d 738, 393 N.E.2d

1120 (1979).

          Defendants urge this court to follow the approach taken

in Serafini.  There, the plaintiff was injured as a minor due to

the alleged negligence of the Chicago Transit Authority (CTA). 

He filed his action approximately two years after the date of

injury and 17 months after attaining the age of majority.  Sec-

tion 41 of the Metropolitan Transit Authority Act (Transit Au-

thority Act) (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 341) gov-

erned actions against the CTA and contained a one-year limitation

period.  Section 21 of the limitations act then in effect permit-

ted minors to file actions two years after attaining the age of

majority (Ill. Rev. Stat. 1977, ch. 83, par. 22), yet section 12

of the limitations act provided "[t]he following actions [includ-

ing those brought by minors] can only be commenced within the

periods hereinafter prescribed, except when a different limita-

tion is prescribed by statute."  (Emphasis added.)  Ill. Rev.

Stat. 1977, ch. 83, par. 13.  Based on this language, the court

determined the one-year limitation period in section 41 of the

Transit Authority Act controlled, but acknowledged the policy

considerations pertinent to actions by minors.  The court held a

minor injured as a result of the negligence of the CTA had one

year from the date of injury or from the date of attaining major-

ity, whichever was later, to file his action.  Thus, the court

applied the one-year limitation period in section 41 of the Tran-

sit Authority Act but provided for the tolling of that period

during the plaintiff's minority.

          Serafini is distinguishable from the present case in

two respects.  First, there the court acknowledged the statutory

nature of the CTA and of causes of action against that entity,

which necessarily limited its authority to "engraft an exception

in favor of minors" onto the statute.  Serafini, 74 Ill. App. 3d

at 740-41, 393 N.E.2d at 1123.  The Tort Immunity Act does not

statutorily create a cause of action and its limitation period is

not an element of plaintiff's cause of action.  See Carlson v.

Village of Glen Ellyn, 21 Ill. App. 2d 335, 342, 158 N.E.2d 225,

228 (1959).  Second, unlike the limitations act in effect when

Serafini was decided, the Code does not contain language indicat-

ing the two-year limitation period in section 13-211 can be sup-

planted if in conflict with the limitation period of another ap-

plicable statute.

          The Tort Immunity Act was enacted to lessen the expo-

sure of local governmental entities to actions already existing

under the common law and, therefore, must be strictly construed

against public defendants.  Reynolds v. City of Tuscola, 48 Ill.

2d 339, 342, 270 N.E.2d 415, 417 (1971); see also Luker v. Nel-

son, 341 F. Supp. 111, 118 (N.D. Ill. 1972).  

          Here, the circuit court found section 13-211 of the

Code controlling and ruled plaintiff's complaint was not time

barred by the one-year limitation period in the Tort Immunity

Act, citing Halper v. Vayo, 210 Ill. App. 3d 81, 568 N.E.2d 914

(1991), in support of its conclusion.

          In Halper, a high school student filed an action for

damages resulting from personal injuries against his school's

wrestling coach 22 months after he was injured, but less than two

years after attaining the age of majority.  The circuit court

dismissed the complaint on the basis it was barred by section 

8-101 of the Tort Immunity Act.  On appeal, the appellate court

reversed noting special limitation provisions had only previously

been held applicable to minors when they had been part of a stat-

utory cause of action.  Halper, 210 Ill. App. 3d at 85-86, 568

N.E.2d at 917.  The court determined the limitation provision in

section 8-101 is a general provision for suits against local

entities and their employees and is not part of a statutory cause

of action.

          The Halper court suggested, as does plaintiff here,

that in enacting section 13-211 of the Code, the legislature

intended to give minors a two-year period after reaching the age

of majority for filing actions, even when a plaintiff whose simi-

lar cause of action accrued when he was an adult would face a

one-year limitation period.  Halper, 210 Ill. App. 3d at 87, 568

N.E.2d at 918.  To illustrate, the court noted section 13-201 of

the Code, which establishes a one-year limitation period for

defamation actions, is encompassed by section 13-211, which ex-

tends the period for filing defamation actions to two years for

minors.  Halper, 210 Ill. App. 3d at 87, 568 N.E.2d at 918.  

          Although the policy reasons behind affording individu-

als injured as minors an additional year to commence their ac-

tions once the disability of minority no longer exists are not

apparent, we cannot ignore the clear exception the legislature

has created for minors.  The legislature did not limit or qualify

the applicability of section 13-211 of the Code to other stat-

utes.  We note other limitation provisions in the Code contain

explicit language limiting their application to other statutes. 

See 735 ILCS 5/13-205, 206 (West 1994).  

          Also notable, when the legislature incorporated the

limitations act into the Code in 1982, the qualifying language in

section 12 of the limitations act was removed.  See Ill. Rev.

Stat. 1977, ch. 83, par. 13; Ill. Rev. Stat. 1981, ch. 110, par.

13-211.  Since then, courts have had to alter their analyses in

resolving conflicts between that statute and those creating dif-

ferent limitation periods.

          One approach courts use when more than one statute of

limitations is relevant to a given action is to determine which

statute is more specifically applicable.  In a case cited by

plaintiffs, Cleaver v. Marrese, 253 Ill. App. 3d 778, 625 N.E.2d

1129 (1993), the plaintiff commenced a medical malpractice action

against a township hospital and two applicable but conflicting

statutes of limitation existed: section 8-101 of the Tort Immuni-

ty Act and section 13-212 of the Code (735 ILCS 5/13-212 (West

1992)) (containing the limitation period for medical malpractice

actions).  The Cleaver court referred to the established prin-

ciple that where there are two statutory provisions, one of which

is general and designed to apply to cases generally, and the

other is particular and relates to only one subject, the particu-

lar provision must prevail.  Cleaver, 253 Ill. App. 3d at 780,

625 N.E.2d at 1131, citing Hernon v. E.W. Corrigan Construction

Co., 149 Ill. 2d 190, 195, 595 N.E.2d 561, 563 (1992).

          Applying this rule, the Cleaver court analyzed the

language of the statutes, prior cases involving either statute,

and the nature of the underlying action, and concluded the limi-

tation period of the Tort Immunity Act was general, dealing with

many potential types of cases, whereas section 13-212 of the Code

applied to actions against physicians and hospitals arising out

of patient care, and was the more specific statute.  Accordingly,

the court held section 13-212 of the Code governed the action. 

          This approach is in accord with that generally taken by

Illinois courts; in deciding which limitation period applies to a

given action, courts look to the nature of the damage or type of

injury sustained.  Schreiber v. Eastern Airlines, Inc., 38 Ill.

App. 3d 556, 558, 348 N.E.2d 218, 219 (1976); see also Mitchell

v. White Motor Co., 58 Ill. 2d 159, 162, 317 N.E.2d 505, 507

(1974); Sullivan v. Cheshier, 846 F. Supp. 654, 659 (N.D. Ill.

1994).  

          The Cleaver court cited Zimmer v. Village of Wil-

lowbrook, 242 Ill. App. 3d 437, 610 N.E.2d 709 (1993), where the

limitation period in section 8-101 of the Tort Immunity Act was

in conflict with section 13-214(a) of the Code, addressing ac-

tions filed against any "body politic" in tort or contract for an

act or omission in the construction of an improvement to real

property.  Ill. Rev. Stat. 1991, ch. 110, par. 13-214(a).  Al-

though in Zimmer the court found neither statute could be consid-

ered "general," it determined section 13-214 of the Code was more

specifically applicable to the action and constituted a limited

exception to section 8-101 of the Tort Immunity Act.  Zimmer, 242

Ill. App. 3d at 442, 610 N.E.2d at 713.  The court found it sig-

nificant that section 13-214 of the Code was enacted after sec-

tion 8-101 of the Tort Immunity Act, and concluded that in sec-

tion 13-214, the legislature intended to create an exception to

the previously enacted statute.  Zimmer, 242 Ill. App. 3d at 443,

610 N.E.2d at 713; see also Bowes v. City of Chicago, 3 Ill. 2d

175, 205, 120 N.E.2d 15, 31 (1954).

          Here, defendants argue section 13-211 of the Code is a

general statute, whereas section 8-101 of the Tort Immunity Act

is a specific statute and should prevail.  Although we agree with

the Zimmer court's statement that section 8-101 is not a general

statute, we conclude section 13-211 of the Code is more specifi-

cally related to the present action.  Section 13-211 addresses

not only a specific class of plaintiffs, but also the nature of

the injury (by incorporating section 13-202); in contrast, sec-

tion 8-101 of the Tort Immunity Act applies only to a given group

of defendants and could encompass any type of civil action

brought by any plaintiff.

          Additionally, section 8-101 of the Tort Immunity Act

was enacted in 1965 (Ill. Rev. Stat. 1965, ch. 85, par. 8-101),

whereas the limitation provisions of the Code were adopted in

1982, absent the qualifying language previously contained in the

limitations act.  Pub. Act 82-280, art. XIII, §13-211, eff. July

1, 1982 (1981 Ill. Laws 1381, 1588); see Ill. Rev. Stat. 1981,

ch. 83, par. 13; Ill. Rev. Stat. 1983, ch. 110, par. 13-211.  The

timing of the enactments indicates the legislature intended sec-

tion 13-211 to create a limited exception to the limitation pro-

visions in existing legislation with respect to minors.  See

Bowes, 3 Ill. 2d at 205, 120 N.E.2d at 31; Zimmer, 242 Ill. App.

3d at 442-43, 610 N.E.2d at 713.

          Section 8-101 of the Tort Immunity Act does not address

the claims of those without capacity to sue, such as minors,

whereas the Code very specifically addresses the tolling of limi-

tation periods for minors.  Because the limiting provisions of

the Tort Immunity Act are to be strictly construed against public

defendants and the public policy of this state has long favored

preserving the meritorious claims of minors, we hold the limita-

tion period of section 13-211 of the Code governs this action. 

The trial court correctly denied defendants' motion to dismiss. 

We affirm.

          Affirmed.

          McCULLOUGH, J., concurs.

          STEIGMANN, J., dissents.

          JUSTICE STEIGMANN, dissenting:

          Although the majority has well stated the issue in this

case and provided a learned discussion of the applicable case

law, I nonetheless disagree with the decision reached and re-

spectfully dissent.  In my judgment, the sole purpose of section

13-211 of the Code--which permits a minor to sue within two years

after reaching the age of 18 years--is to ensure that a minor's

legal interest is protected until he or she has reached the age

of majority, at which point the new adult can look after his or

her own interests, as every other adult is expected to do.  In

other words, by enacting section 13-211 of the Code, the legisla-

ture intended to place minors in the same position they would

have been in if their legal disability--being underage--did not

exist.  

          Under the majority's interpretation, however, section

13-211 of the Code places minors in a better position than adults

under the statute of limitations, rather than merely removing

their legal disability.  To be specific, had plaintiff here been

18 years and one week old when the accident occurred at Gillespie

High School, no one disputes that section 8-101 of the Tort Immu-

nity Act would have required her to bring her lawsuit within one

year from the date of her injury.  Under the majority's inter-

pretation, however, if plaintiff had been one week short of her

18th birthday when the accident occurred at the high school,

section 13-211 of the Code totally trumps section 8-101 of the

Tort Immunity Act, giving plaintiff two years from the date she

turns 18 years of age in which to bring her cause of action.  

          The legislature could not have intended this result. 

It is simply inconsistent with the underlying purpose of section

13-211 of the Code, which is to place minors in the same position

they would be in if the legal disability did not exist with re-

gard to their ability to file suit.  

          As expressed in the first full sentence in the last

paragraph on page 8 of the slip opinion, the majority candidly

concedes that the policy reasons which justify placing a minor in

a better position under the statute of limitations "are not ap-

parent."  Slip op. at 8.  Nevertheless, the majority apparently

believes that other tools of statutory interpretation require the

conclusion it has reached.  I disagree.  The fundamental rule of

statutory interpretation, to which all other rules are subordi-

nate, is to give effect to what the legislature intended the

statute to achieve.  Because I am convinced that the legislature

never intended to achieve the result the majority reaches--that

of placing a minor in a better position under the statute of

limitations than her adult counterpart--I am unwilling to join.  

          As a last matter, the majority's statement that "courts

have traditionally given special consideration to the claims of

minors" (slip op. at 4), seems to be an offshoot of the so-called

"Muscarello doctrine," which stands for the proposition that a

court has a duty to see that the rights of an infant are ade-

quately protected, and is bound to notice substantial irregulari-

ties even though objections are not properly presented.  Mus-

carello v. Peterson, 20 Ill. 2d 548, 170 N.E.2d 564 (1960). 

          In Cogan v. KAL Leasing, Inc., 190 Ill. App. 3d 145,

152, 546 N.E.2d 20, 24 (1989), this court held that the "Mu-

scarello doctrine has continuing validity only in circumstances

suggesting either fraud, violation of a fiduciary interest, or

ineffective assistance of counsel."  We also added the following: 

               "We conclude that the Muscarello doc-

          trine should be explicitly limited because

          its unlimited utilization is inconsistent

          with the rules of evidence and procedure

          normally applicable to a civil trial.  One of

          the most fundamental rules of procedure is

          the obligation of the courts to provide neu-

          tral judges and juries.  Accordingly, we

          should be very hesitant about permitting,

          much less requiring, a judge to abandon the

          judge's role of neutrality, no matter how

          worthy the goal. 

               Society has changed considerably since

          the early 19th century, and procedures are

          now available to ensure that the rights and

          interests of minors and incompetents are well

          protected.  The best way for a court to ful-

          fill its duty to protect these rights and

          interests is to appoint guardians for the

          minor or incompetent."  Cogan, 190 Ill. App.

          3d at 153, 546 N.E.2d at 25.

          This court's analysis in Cogan of the Muscarello doc-

trine should apply equally to the 1926 Walgreen case that the

majority cites (slip op. at 4), suggesting that somehow minors--

simply because they are minors--are entitled to better treatment

than other civil litigants.